*73 To the Members of the Senate
State House
Montgomery, Alabama
Dear Senators:
We are in receipt of Senate Resolution 114, by which you have requested an advisory opinion on the constitutionality of H.B. 269, an appropriation bill now pending before the legislature. The bill would provide appropriations for public educational purposes generally and, more specifically, for the elementary and secondary schools of this state; for junior and technical colleges; for colleges and universities; for various other state agencies; and for entities which are not state agencies, but some of which at least arguably serve educational purposes. The constitutional provisions at issue are § 45, which requires that bills, except for general appropriation bills, contain only one subject; § 71, which restricts the contents of general appropriation bills; and § 73, which requires that appropriations to charitable and educational institutions not controlled by the state be passed by a vote of two-thirds of the members of each house.
Senate Resolution 114 reads as follows:
“BE IT RESOLVED BY THE SENATE OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H.B. 269, a copy of which is attached to this resolution and made a part hereof by reference.
“House Bill 269 as amended and substituted by the House of Representatives and as now pending in the Senate contains a title which states: ‘To make annual appropriations for the support, maintenance and development of public education in Alabama and for debt service and capital improvements for the fiscal year ending September 30, 1988.’ House Bill 269 also appropriates funds to among other entities ‘non-state educational agencies’ and certain postsecond-ary universities.
“1. Is House Bill 269 a general appropriation bill as said term is used in Section 45 of the Constitution of 1901 and therefore excepted from the provisions of Section 45 requiring that ‘each law *74 shall contain but one subject, which shall be clearly expressed in its title’?
“2. If House Bill 269 is not excepted from the purview of Section 45, does House Bill 269 violate the provision of Section 45 which requires that ‘each law shall contain but one subject, which shall be clearly expressed in its title’?
“3. Does House Bill 269 violate Section 71 of the Constitution of 1901 which requires that all appropriations, other than appropriations in the general appropriation bill, shall be made by separate bills, each embracing but one subject?
“4. Does Section 73 of the constitution of 1901 require that House Bill 269 receive a vote of ⅜ of all members elected to each house?
“5. If House Bill 269 violates Section 45 or Section 71 of the Constitution of 1901, is that portion of the bill in violation of said sections severable from the remainder of the bill?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending bill, H.B. 269, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
The cited constitutional sections read in pertinent part:

“Sec. 45. Style of law; division of laws; laws restricted to one subject; amendment or revival of laws by title only.

“.... Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes.”

“Sec. 71. Restrictions on general appropriation bill.

“The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools. ... All other appropriations shall be made by separate bills, each embracing but one subject.” “Sec. 73. Appropriations to charitable or educational institutions not under absolute control of state.
“No appropriation shall be made to any charitable or educational institution not under the absolute control of the state, other than normal schools established by law for the professional training of teachers for the public schools of the state, except by a vote of two-thirds of all the members elected to each house.”
The first question asks whether the bill is a general appropriation bill. The question might be construed to assume that “The” general appropriation bill described in sections 45 and 71 may be split into two parts, one providing for the ordinary expenses of the executive, legislative, and judicial departments, and the other providing for the public schools. This assumption fails, and the question must be answered in the negative, both because there is no authority for the bifurcation of the general appropriation bill (as we shall explain below) and because “public schools,” as used in these sections of the Constitution, includes only elementary and secondary schools.
A brief review of the latter point will suffice to answer this first question. On at least three occasions, this Court has addressed the meaning of the term “public schools” as used in the Constitution of 1901 and the substantially identical predecessor provisions in the Constitution of 1875, and has answered on all three occasions that the term includes only the old common schools, which have since developed into the elementary and secondary schools.
“The phrase ‘the public schools,’ as used in § 71, does not include universities or colleges. ‘Public schools’ are those schools formerly referred to as ‘common schools,’ schools which are provided for in §§ 256-260 of the Constitution. ... These schools are for the benefit of children between the ages of seven and twenty-one years, encompassing, in common terminology, grammar schools *75 and high schools. Adults are not a part of the constitutional ‘public school’ system. State Tax Comm’n v. County Bd. of Education, 235 Ala. 388, 179 So. 197 (1938).
“The appropriation made in [the 1978 education appropriation bill], not being an appropriation for ‘public schools’ as that term has been defined, is not an appropriation authorized by § 71 to be made in a general appropriation bill, but is an appropriation falling under that part of § 71 which states: ‘All other appropriations shall be made by separate bills, each embracing but one subject.’ The requirements of this section and § 45 are met if the act has one general subject which is contained in its title.”
Alabama Education Ass’n v. Bd. of Trustees of the Univ. of Alabama, 374 So.2d 258, 261 (Ala.1979) (citations omitted); Opinion of the Justices No. 31, 229 Ala. 98, 155 So. 699 (1934); Elsberry v. Seay, 83 Ala. 614, 3 So. 804 (1888). Therefore, since H.B. 269 includes technical schools, junior colleges, and universities, it cannot be a general appropriation bill, and so it is governed by the single subject requirements of §§ 45 and 71 and the clear title requirement of § 45.
This conclusion brings us to question number two of the advisory opinion request. Does H.B. 269 contain only one subject, clearly reflected in the title? If it does, this subject must be “appropriations for public education.” Admittedly, such a “single subject” would be a very broad one. “A statute has but one subject, no matter how many different matters it relates to, if they are all cognate, and but different branches of the same subject.” Yielding v. State, 232 Ala. 292, 296, 167 So. 580, 583 (1936); Opinion of the Justices No. 216, 294 Ala. 571, 319 So.2d 699 (1975); Opinion of the Justices No. 174, 275 Ala. 254, 154 So.2d 12 (1963).
How can we say, however, that “public education” is a single subject for an appropriation bill which is not a general appropriation bill, when “public schools” and “universities” are different subjects for the purpose of a general appropriation bill? Furthermore, there are many appropriations in H.B. 269 which fall under neither of these two categories. One subsection of the bill is labelled “financial assistance to non-state educational agencies.” Under the general heading “state agencies,” which encompasses the appropriations for public schools, there are appropriations to other state agencies that have varying degrees of connection to public schools in particular or public education in general.
In attempting to resolve this question of whether an education appropriation bill embraces only one subject, we have researched the history of appropriations in this state, at least since the adoption of the Constitution of 1875. Because we find this history very enlightening on the subject, we shall set it forth in some detail here.
The delegates to the Constitutional Convention of 1901 copied article IV, § 2, of the Constitution of 1875 into § 45 of the new constitution; article IV, § 32 into § 71; and article IV, § 34 into § 73, with additions not material here; the above-quoted provisions of the Constitution of 1901 (other than the headings) read almost exactly the same as they did in the Constitution of 1875. For at least the twenty years prior to 1901, the legislature had enacted a simple, five-page general appropriation bill, which always made two appropriations to the public schools: one from the interest on the sixteenth section fund[1] and similar smaller funds, together with the 3-mill property tax revenues (we shall refer to these funds as “the constitutional revenue funds,” see Const.1901, art. XIV, §§ 256-260), and one from general revenues. Occasional additional appropriations of general revenues were made, either in the same *76 section of the same bill[2] or in a single-subject additional appropriation bill.[3]
This background emphasizes that “the general appropriation bill” and “public schools” would have had specific meanings to the delegates to the Constitutional Convention of 1901. How then did we progress to the point where a separate education appropriation bill is much greater than the general appropriation bill and the general appropriation bill no longer appropriates money for the public schools?
The process began immediately after the Constitution of 1901 was adopted. The 1903 general appropriation bill followed the same pattern as the prior ones, but the only appropriation therein to the public schools was from the constitutional revenue funds. Acts 1903, Act No. 31, § 37. Act No. 414 appropriated $550,000 in general revenues for the public schools. Incidentally, Act No. 104 constituted the Board of Trustees of the University of Alabama as a body corporate (see also Const. 1901, art. XIV, § 264) and appropriated the interest on the University fund thereto. This pattern was followed at the next two quadrennial sessions. Acts 1907, Act No. 24, § 34; Act No. 201; Act No. 335 (additional appropriation to the University). Acts 1911, Act No. 194, § 80; Act No. 418.
In 1915, there appear to have been two general appropriation bills: Act No. 125 and Act No. 816. Only the latter, in § 4(13), appropriates money from the constitutional revenue funds. We find no appropriation to the public schools from general revenues in the 1915 Acts, but we note that Acts 1911, Act No. 418, amended Code 1907, chap. 41, art. 1, § 1678(7); presumably this appropriation continued in force by operation of the Code.
From 1882 to 1915, the appropriation from the constitutional revenue funds grew from $145,000 per year to $175,000 per year, and this remained in the general appropriation bill. In the same period, the appropriation from general revenues rose from $230,000 per year to $600,000 per year, and this appropriation was taken out of the general appropriation bill.
In 1919, the legislature enacted Act No. 442, “To provide a complete educational system for the State of Alabama,” with that title continuing for two pages of small print. The act itself covers 109 pages. This act covers as broad a range as the “appropriation for education” bill now before us, and tends to show that this topic became a single subject at that time. The Act itself is not sufficient authority to reach our answer, however, because it became the Public School Code of 1919 and thus falls outside the single subject requirement of art. 45 by being an act adopting a code. Act 442 furthermore cannot be considered to make “education appropriations” a single subject, because it states in art. 45, § 4, that nothing therein “shall be construed so as to make any appropriation,” and because the legislature in 1919 passed a multitude of single-subject education appropriation bills. See, e.g., Acts No. 531 through No. 549.
One thing Act No. 442 did do, and the first thing it did, was to create the Public School Fund and to specify what items should be appropriated into it. In 1923 piecemeal education appropriations were again made.
In 1927, the first of the modern education appropriations were made. Act No. 10 appropriated $600,000 to provide a minimum school term of seven months in each county. The general revenue bill, Act No. 163, created (§ 2-K) and appropriated money to (§ 2) the Alabama Special Educational Trust Fund. Act No. 382 was the first omnibus bill: § 1 created the “Equalization Fund” and appropriated $900,000 per year thereto “for the equalization of educational opportunity in the public schools”; § 2 cre *77 ated and appropriated $800,000 per year to the Attendance Fund; § 3 appropriated $300,000 for rural school libraries; §§ 4 and 5 appropriated various sums to normal schools; § 6, the rural schoolhouse building fund; § 7, the illiteracy fund; § 8, vocational education; § 9, high schools; § 10, the School of Trades and Industries; § 11 created the Revolving Fund for the use of the State Board of Education; § 12, the state colleges and universities; and so forth.
Act No. 584 in 1927 is that year’s version of the historic general appropriation bill, and it does not appropriate to either public schools or the legislature. In later years, however, the constitutional revenue funds and, in some years, general revenues reappear as appropriations to the Public School Fund in the general appropriation bill. See, e.g., Gen.Acts 1935, Act No. 373, § 1.XI; Gen.Acts 1939, Act No. 247, § 1.XI; Gen.Acts 1949, Act No. 522, § l.VII; Acts 1967, Act No. 256, § 2.III.F.(32); Acts 1976, Act No. 763, § 2.VI.A.(45). During this period, the general appropriation bill became the detailed, extensive bill of modern times. From the earliest times, these bills have borne simple titles like, “To make appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools,” that is, they have tracked the language of § 71.
Throughout this period of time, each successive legislature has passed a bill “to make annual appropriations for the support, maintenance and development of public education in Alabama and for debt service and capital improvements.” Gen.Acts 1935, Act No. 326; Gen. Acts 1949, Act No. 563; Acts 1967, Act No. 383; Acts 1976, Act No. 197; Acts 1986, Act No. 86-622. The bill before us contains such a title. In 1977, the last vestige of appropriation for the public schools in the general appropriation bill disappeared when the appropriations from the Public School Fund were deleted from that bill and included in the annual education appropriation bill. Acts 1977, Act No. 636; Act No. 637, § 13 B. The legislature continued to add “public schools,” however, to the title of the general appropriation bill until 1982, even though no funds had been appropriated therein for public schools for some time.
This is a rough overview of the development of the appropriations bills in this state, and the pressures of time prevent us from insuring the accuracy of every detail. The general picture emerges, however, that “appropriations for public education” has been treated as a single subject since about 1927, and throughout that time the education appropriation bill has had such a consistent content as to define that single subject. These appropriations have been made in this way for so long that neither legislators nor the public could fail to be put on notice of the content of the education appropriation bill. Therefore, we are of the opinion that the title of H.B. 269 adequately expresses the single subject of the bill, but that the bill itself is infirm at least to the extent that it includes “non-state agencies.” To the extent that the bill complies with § 45, it also complies with the single subject requirement of § 71. See Opinion of the Justices No. 174, 275 Ala. 254, 154 So.2d 12 (1963).
The purposes of § 45 are “(a) notification to the public of the nature of the pending legislation; (b) avoidance of fraud on the legislature by inadvertent passage of provisions not related to the title; and (c) prevention of logrolling legislation,” Opinion of the Justices No. 215, 294 Ala. 555, at 564, 319 So.2d 682, 691-92 (1975) (citations omitted). The appropriations to state agencies must come within the subject of public education. We cannot test the specific appropriations in the bill, however, because the bill in most cases gives only general descriptions of the recipients. For example, an appropriation to the department of public health for immunizations of school children and for public school food sanitation probably comes within the subject, but a decision would have to wait for a contested case.
The “non-state agencies” given financial assistance in H.B. 269 do not come within the historical “education appropria *78 tion” subject. The first such instance of appropriating money other than to state agencies that we have found, without examining each bill in detail, occurred in Acts 1975, Act No. 129, in which $100,000 was appropriated to the Birmingham Symphony Association, Inc. In 1977 the format of the appropriation bill was completely changed, and five appropriations to “non-state agencies” were made. Acts 1977, Act No. 637. The same format is used to this day, and the number of non-state agencies receiving funds has risen to 11. Not only are these agencies not within the subject of “public education” for which appropriations may be made in this education appropriation bill, but they must also be considered a separate subject or subjects because § 73 further distinguishes “non-state agency appropriations” from appropriations to state educational agencies. These items must be passed in a separate bill or bills that would require a two-thirds vote for passage and must comply with § 45. Therefore, we are of the opinion that the “non-state agency” appropriations violate §§ 73 and 45 and that these provisions should be eliminated from the bill.
We believe the above answers the questions propounded. We observe as a general matter that advisory opinions are not binding in a litigated case. Opinion of the Justices No. 188, 280 Ala. 692, 198 So.2d 269 (1967); Code 1975, § 12-2-10.
QUESTIONS ANSWERED.
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice.
HUGH MADDOX
RICHARD L. JONES
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY
OSCAR W. ADAMS, Jr.
J. GORMAN HOUSTON, Jr.
HENRY B. STEAGALL, II Justices.

. In admitting Alabama to the union, the United States set aside the sixteenth section of each township for the public schools. 3 U.S.Stats. at Large 489, § 6. Without examining the details of the appropriation entitled "interest for sixteenth section funds we note that it "shall be applied to the ... public schools,” Const, of 1901, § 260; Const, of 1875, art. XIII, § 5, and that it continues to the present day. 1986 Ala. Acts No. 86-622, § 3.A.6.; H.B. 269, § 3.A.5.

. For example, Acts 1888-89, Act No. 21, § 37, reads: "For the support of the public schools, two hundred and fifty thousand dollars for each year, and one hundred thousand dollars additional for each year for the two years ending 30th of September, 1890, and 30th of September, 1891; in all seven hundred thousand dollars.”

. For example, Acts 1882-83, Act No. 26, § 37, appropriates $130,000 per year to the public schools, and Act No. 59 appropriates an additional $100,000 for 1884 and 1885.