*175 To the Members of the Senate
State House
Montgomery, Alabama
Dear Senators:
We are in receipt of Senate Resolution 165, by which you have requested our opinion on the constitutionality of S.B. 667, a bill now pending before the legislature. This bill would provide monies out of the Alabama Special Educational Trust Fund to fund numerous non-state agencies.
Senate Resolution 165 reads as follows:
“BE IT RESOLVED BY THE SENATE OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the pending bill SB 667, copies of which are attached to this resolution and made a part hereof by reference.
“1. Section 45 of the Constitution of 1901 refers to 'general appropriation bills.’ Is SB 667 a general appropriation bill as said term is used in Section 45 and therefore excepted from the provisions of Section 45 requiring that 'each law shall contain but one subject, which shall be clearly expressed in its title’?
“2. Does SB 667 violate the provision of Section 45 which requires that ‘each law shall contain but one subject, which shall be clearly expressed in its title’?
“3. Does SB 667 violate Section 71 of the Constitution of 1901 which requires that all appropriations, other than appropriations in the general appropriation bill, shall be made by separate bills, each embracing but one subject?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of said pending bill to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
The title to S.B. 667 reads in part: “To make a general appropriation from the Alabama Special Educational Trust Fund for the fiscal year ending September 30, 1988 to the following non-state agencies:”. The title then lists numerous entities, including the Sickle Cell Education Program, Alabama Outdoor Drama, American Legion and Auxiliary Scholarships, and the Alabama Small Business Development Consortium. This bill apparently is an attempt to fund various programs in a manner different from that dealt with in Opinion of the Justices No. 323, 512 So.2d 72 (Ala.1987).
The first question asks whether the bill is a general appropriation bill and therefore exempt from the singlesubject requirement of § 45. This question must be answered in the negative, because § 71 of the Constitution of 1901 states that the “general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools.” Appropriations for “non-state agencies” clearly do not fall within any of *176 those categories. See also Opinion of the Justices No. 323, supra.
We shall consider the second and third questions together, as we have recognized that if a bill meets the one-subject requirement of § 45, it also satisfies the one-subject requirement of § 71. Opinion of the Justices No. 323, supra; Opinion of the Justices No. m, 275 Ala. 254,154 So.2d 12 (1963).
The pertinent part of Section 45 provides that “Each law shall contain but one subject, which shall be clearly expressed in its title....”
“The purposes of the constitutional requirement must be borne steadily in mind, when it becomes necessary to determine whether there has been legislative observance of it. The exposition of these purposes by Judge Cooley is accepted, we believe, in all the states in which a like limitation prevails. They are — ‘First, to prevent “hodgepodge” or “logrolling” legislation; second, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire.’ Cooley, ConstLim. 172. No one of these purposes is of more or less importance than the other. The mischief of hodgepodge legislation, the inclusion in one act of matters or subjects ‘of a very heterogeneous nature,’ which may mislead, and surprise the good faith of the lawmaking body; or logrolling legislation, intended to enlist varied, and, it may be, hostile, interests, in support of the proposed act, — would have been avoided if the constitutional limitation had gone no further than the requisition that ‘each law shall contain but one subject.’ The unity of subject is an inde-pensable element of legislative acts; but it is not the only element; the subject must be ‘clearly expressed in its title.’ ... When there is a fair expression of the subject in the title, all matters reasonably connected with it, and all proper agencies or instrumentalities, or measures, which will or may facilitate its accomplishment, are proper to be incorporated in the act, and, as usually said, are cognate or germane to the title. But as was said in Astor v. Railway Co., 113 N.Y. 110, 20 N.E. 598: ‘The title must be such, at least, as fairly to support or give a clew to the subject dealt with in the act, and, unless it comes up to this standard, it falls below the constitutional requirement.’ ”
Lindsay v. United States Savings & Loan Co., 120 Ala. 156, 172-73, 24 So. 171, 176 (1898).[1]
It is obvious that the purpose of S.B. 667 is to provide appropriations to fund non-state agencies. While it appears that all of the provisions of the bill do provide funds for non-state agencies, our inquiry does not end there.
The precise question to be answered is whether appropriations for several non-state agencies can be considered one subject. We think not.
“It has been frequently held that generality and comprehensiveness in the title of an act is no objection to it, so long as such quality is not made a cover for legislation incongruous in itself, and by no fair intendment connected with and cognate to the subject expressed in the title.” Board of Revenue of Jefferson County v. Kayser, 205 Ala. 289, 290, 88 So. 19, 20 (1921). The agencies funded are not related to each other except in the sense that they are all non-state agencies. The “one subject requirement” can not be met by saying that the “subject” is a tangential aspect of each provision, where the provisions are otherwise wholly unrelated.
*177 We think it highly pertinent that the framers of the Constitution specifically excepted general appropriation bills from the single-subject requirement of § 45. We can reasonably infer from this exception that the framers thought a single bill providing funding for all the areas provided for in a general appropriation bill (which might loosely be referred to as “appropriations for state functions”) would run afoul of the one-subject requirement. In short, the framers thought that appropriations for multiple purposes embraced more than “one subject.” Otherwise, an exception need not have been made.
Moreover, the notice given by the bill does not further the purposes of § 45. The title of a bill can be so broad as to be vague or meaningless and thereby provide little notice to the public as to the nature of the bill. Gibson v. State, 214 Ala. 38, 44, 106 So. 231, 235-36 (1925). Furthermore, allowing the use of a very broad title would be in conflict with the purpose of preventing logrolling, “the practice of embracing in one bill several distinct matters, none of which, perhaps could singly obtain the assent of the legislature, and then procuring its passage by a combination of the minorities in favor of each of the measures, into a majority that will adopt them all.” State ex rel. Bozeman v. Hester, 260 Ala. 566, 573, 72 So.2d 61, 66 (1954).
While the title of S.B. 667 does go on to list the various non-state agencies that will receive appropriations and therefore more clearly satisfies the purpose of providing notice to the public, sanctioning this type of notice would permit extensive logrolling which would be “to the detriment of the citizens of this state.” Alabama Ed. Ass’n v. Board of Trustees of the University of Alabama, 374 So.2d 258, 262 (Ala.1979).
The Constitution is emphatic in its requirement that a statute shall not embrace more than one subject; a statute that violates the one-subject requirement is not saved by the fact that the title of the statute accurately reflects the several subjects of the statute. Ballentyne v. Wickersham, 75 Ala. 533 (1883).
Accordingly, we think that S.B. 667 contravenes § 45 and § 71 of the Constitution of Alabama.
QUESTIONS ANSWERED.
Respectfully submitted,
C.C. TORBERT, JR. Chief Justice
HUGH MADDOX
RICHARD L. JONES
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY
OSCAR W. ADAMS, JR.
J. GORMAN HOUSTON, JR. HENRY B. STEAGALL II Justices

. The provisions of § 45 and § 71 at issue here have been part of the Constitutions of Alabama since at least 1875. See Article IV § 2 and § 32, Constitution of Alabama of 1875.