595 So.2d 472 (1991)
Ex parte STATE DEPARTMENT OF REVENUE.
(Re STATE DEPARTMENT OF REVENUE, v. TELNET CORPORATION, et al. TELEMARKETING CORPORATION OF LOUISIANA, v. STATE DEPARTMENT OF REVENUE).
1901108.
Supreme Court of Alabama.
September 6, 1991.
Rehearing Denied December 6, 1991.
*473 Jimmy Evans, Atty. Gen., and Ron Bowden, Counsel, Dept. of Rev. and Asst. Atty. Gen., for petitioner.
Michael S. Jackson of Beers, Anderson, Jackson & Smith, Montgomery, and James G. Gann, Jr., Birmingham, for respondents Telnet, Delta, Montgomery Telemarketing, Telemarketing Corp., SouthernNet and Southland.
Mark D. Wilkerson of Parker, Brantley & Wilkerson, P.C., Montgomery, for respondent Gulf Tel. Co., Inc.
STEAGALL, Justice.
We granted the petition for writ of certiorari in this case to determine whether Act No. 88-542, Ala. Acts 1988 (codified at Ala.Code 1975, § 6-5-605), violates Art. 4, § 45, Constitution of Alabama. The codification of that provision reads as follows:
"§ 6-5-605. Application of terms `utilities' and `public utility.'
"For purposes of this article and for purposes of sections 40-8-1, 40-21-50, and 40-21-58, as amended, the terms `utilities' and `public utility,' as applied to telecommunications, `telephone company,' and `telephone business' mean the provisioning of local exchange services."
In its petition to this Court, the State Department of Revenue contends that Act No. 88-542 violates § 45 of the Alabama Constitution, which requires, in part, that each law passed by the legislature contain only one subject and that the subject be clearly expressed in its title. The title to Act No. 88-542 stated its purpose:
"To provide that a utility may recover damages from any person who knowingly interferes with any meter or other recording device belonging to a utility, who knowingly diverts utility services or who intentionally and without authority uses utility services; to define certain terms relating to utilities or utility services; to provide for the measure of damages *474 which may be recovered by the utility in any such civil action."
(Emphasis added.)
The Court of Civil Appeals held that the issue regarding the constitutionality of Act No. 88-542 was procedurally barred because it was not raised at the trial level: "Although the parties hint of a constitutional issue at the trial level, it was not raised in the pleadings; evidence as to the issue is not in the record, and the court did not rule on it; therefore, appellate review of this issue is foreclosed." State Department of Revenue v. Telnet Corp., 595 So.2d 469, 471 (Ala.Civ.App.1991) (citations omitted). We find only the latter assertionthat the trial court did not rule on the constitutional issueto be correct.
The plaintiffs in the six cases on appeal to the Court of Civil Appeals were utility companies; each plaintiff stated in paragraph eight of its complaint that the Department of Revenue considered § 6-5-605 to be unconstitutional.[1] The Department of Revenue admitted that allegation in paragraph three of its answers to those complaints. The following language from one plaintiff's complaint is typical of the language of each complaint:
"WHEREFORE, Telnet Corporation prays that this Court will:
"1. Hold null, void, and of no effect the Department's May 18, 1989, Final Assessment against Telnet (Account 350162) in the amount of $10,255.26, based on the exemption provided by § 6-5-605 of the Code of Alabama. Unless and until a court of law rules this Act to be unconstitutional, no tax is owed for 1988 by Telnet under § 40-21-58.
"2. If the said § 6-5-605 is determined by this Court to be unconstitutional, declare the proper basis assessment to be the `Net Gross' concept; and, further hold that interest accrued before the date of the Final Assessment as not applicable, on the theory that the tax is not due as long as § 6-5-605 is not repealed by the legislature or declared unconstitutional by the Court."
(Emphasis added.)
The plaintiffs acknowledged again in their pre-trial brief that the Department of Revenue contended that § 6-5-605 (Act No. 88-542) was unconstitutional. Finally, the trial court held that the Department of Revenue lacked the authority to "unilaterally declare or contend" that § 6-5-605 is unconstitutional. Specifically, the trial court held that § 6-5-605 had never been declared unconstitutional by any court in Alabama and that the Department of Revenue had no authority to ignore its terms.
Based on our review of the record, we find that the constitutionality of § 6-5-605 was at issue below, although the trial court declined to address it. Thus, that question is properly before us.
Looking again at the title to Act No. 88-542, we find it apparent that the act deals with a utility's right to recover damages for meter tampering and with how a "utility" company and a "telephone" company are defined. What is not apparent, however, is the effect of that definition for taxation purposes.
First, the reference in the title to the definition of utilities in Act No. 88-542 comes between two provisions regarding damages for meter tampering. Second, neither the definition provision in the title nor the body of the act mentions the fact that Act No. 88-542 effectively exempts long distance service carriers from the telephone gross receipts license tax of § 40-21-58. In Alabama State Dep't of Revenue v. Telamarketing Communications, 514 So.2d 1388 (Ala.Civ.App.1987), the Alabama Court of Civil Appeals held that companies that resell long distance service are engaged in the "telephone business" for purposes of § 40-21-58. The Alabama Legislature subsequently amended that statute to include such resellers: "In addition to all other taxes imposed by this title, there is hereby levied a license or privilege tax upon each person engaged in the telephone *475 business which includes resellers in the state of Alabama for the privilege of engaging in such business...." (Emphasis added.)
By defining "telephone business" to mean providers of local exchange services only, § 6-5-605 effectively removes long distance service carriers from the reach of § 40-21-58. Although the provisions of § 6-5-605 regarding damages and, in effect, taxation, fall under the general category of utilities, those provisions deal with two different subjects, in violation of § 45 of the Alabama Constitution. "The Constitution is emphatic in its requirement that a statute shall not embrace more than one subject; a statute that violates the one-subject requirement is not saved by the fact that the title of the statute accurately reflects the several subjects of the statute. Ballentyne v. Wickersham, 75 Ala. 533 (1883)." Opinion of the Justices No. 326, 511 So.2d 174, 177 (Ala.1987).
In this case, although the title reveals, on the surface, what is within the body of the act, it does not reveal what, in substance, the act contains.
"The purposes of § 45 are `(a) notification to the public of the nature of the pending legislation; (b) avoidance of fraud on the Legislature by inadvertent passage of provisions not related to the title; and (c) prevention of logrolling legislation.' Opinion of the Justices No. 215, 294 Ala. 555 at 564, 319 So.2d 682, 691-92 (1975) (citations omitted)."
Opinion of the Justices No. 323, 512 So.2d 72, 75 (Ala.1987).
We hold that § 6-5-605 is unconstitutional, because it violates the one-subject requirement in § 45. Therefore, the judgment of the Court of Civil Appeals is reversed as to that issue. We hold, however, that the judgment of the Court of Civil Appeals is correct in all other respects and, as to those aspects, is due to be affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and INGRAM, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
The Court of Civil Appeals held:
"Although the parties hint of a constitutional issue at the trial level, it was not raised in the pleadings; evidence as to the issue is not in the record, and the court did not rule on it; therefore, appellate review of this issue is foreclosed. King v. Reid, 428 So.2d 611 (Ala.1983); Cooper v. Green, 359 So.2d 377 (Ala. 1978); Williams v. State, 504 So.2d 282 (Ala.Civ.App.1986)."
595 So.2d at 471. I do not believe that this Court can grant review of this constitutional question in the absence of some ruling on it in the trial court; consequently, I cannot agree that the Court should address it, and I must respectfully dissent.
NOTES
[1] On August 17, 1989, the trial court consolidated the six cases that were filed against the Department of Revenue.