326 So.2d 721

**ASSOCIATED SURGEONS, P.A., an unincorporated Association**

v.

**John L. WATWOOD.**

**SC 1416.**

Supreme Court of Alabama.

Jan. 29, 1976.

Tom Radney, Alexander City, for appellant.

John F. Dillon, IV, Alexander City, for appellee.

**230**

SHORES, Justice.

Associated Surgeons, P.A., filed suit against the defendant, a medical doctor, for breach of contract claiming $20,000 as liquidated damages pursuant to the contract. The trial court granted defendant's motion to dismiss on two grounds: (1) The contract sued on expired, by its terms, before the alleged breach; and, (2) the provision providing for the payment of $20,000 liquidated damages is ". . . a restraint of the exercise of the medical profession and is therefore void and unenforceable." The plaintiff appealed.

The plaintiff and defendant entered into a written employment agreement on December 10, 1973. The term of employment was for a twelve-month period ending December 9, 1974. The contract provided, inter alia, that in the event the defendant terminated the agreement and entered into the practice of medicine and surgery within Tallapoosa County within twelve months of such termination, he was to pay to the

Association $20,000 in liquidated damages. On April 1, 1975, the defendant terminated the contract and began the practice of medicine in Alexander City in an office adjacent to that of the plaintiff's offices.

On appeal, the plaintiff argues that a second-year agreement was entered into pursuant to the terms of the contract—that the original contract was intended to be a year-to-year agreement; that the provision for liquidated damages is not a restraint of the exercise of the medical profession but is merely a means of compensating the plaintiff for a benefit conferred upon the defendant; that the cases relied on by the court on this point do not involve liquidated damages; that a medical doctor has a legal and proper interest to protect the group of patients he has amassed by skillful and hard work; and that a provision for liquidated damages is valid if it bears some reasonable relationship to the actual loss.

The defendant denies that a second-year arrangement was entered into and says the record is devoid of any such allegation; and that by statutory prohibition and judicial construction, a contract by which anyone is restrained from exercising a lawful profession is void in Alabama and that the provision in question constitutes such a restraint.

If the contractual provision does constitute an unlawful restraint of a profession, the defendant's motion to dismiss was properly granted.

Title 9, § 22, Code of Alabama 1940, provides:

"Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."

The two sections referred to (§§ 23 and 24) provide exceptions which, admittedly, are not applicable here.

The contract provides:

"7. TERMINATION

"...

"C. Watwood may terminate this Agreement at any time upon (30) days written notice to the Association and the Association shall be obligated in that event to pay to Watwood his compensation up to the date of termination only. In the event Watwood shall terminate this Agreement and enter into the practice of medicine and surgery within Tallapoosa County within twelve (12) months following such termination of employment with the Association, he shall pay to the Association, as liquidated damages, Twenty Thousand and No/100 ($20,000) Dollars. It is agreed by the parties that Watwood is receiving direct benefit and goodwill from the reputation and goodwill previously developed by the Association and its other physicians and surgeon and that such termination and entry into practice in Tallapoosa County subsequent to the practice of medicine with the Association would cause irreparable damage to the Association."

The plaintiff concedes that contracts restraining the practice of a profession are void under Title 9, § 22, supra. However, it argues that cases so holding, *Gant v. Warr*, 286 Ala. 387, 240 So.2d 353 (1970), and *Odess v. Taylor*, 282 Ala. 389, 211 So.2d 805 (1968), are distinguishable from this case. It says, in brief:

"... this contract provision is not a restraint of the exercise of the medical profession but it is simply a means of compensation for the benefit received by the Defendant by his having been associated with the Plaintiff in the practice of medicine. ..."

■ There is universal agreement that the law looks with disfavor upon contracts which restrain employment. *Hill v. Rice*, 259 Ala. 587, 593, 67 So.2d 789 (1953).

■ We are convinced that a contract which requires the payment of damages in the event one of the contracting parties competes with the other is a contract "by which ... one is restrained from exercising a lawful profession ..." within the meaning of § 22, supra. Professor Williston finds that "... Any bargain or contract which purports to limit in any way the right of either party to work or to do business ... may be called a bargain or contract in restraint of trade." 14 Williston on Contracts, § 1633 (3d ed. 1972).

■ The fact that the contract provision is couched in terms of liquidated damages rather than in negative form is not significant. "... This is clearly a restraint of a substantial character and the form in which it is cast does not make it less a restraint. ..." *Chamberlain v. Augustine*, 172 Cal. 285, 288, 156 P. 479, 480 (1916).

In *Chamberlain v. Augustine,* supra, the contract provided for the payment of $5,000 as liquidated damages in the event the contracting party went into the same business as the other party to the agreement. In construing its statute on restraint of a trade or profession, which incidentally is identical to our own, the California Court said:

"It will be observed that defendant Augustine's covenant with respect to liquidated damages is not expressly cast in negative form, and because of this it is insisted by appellant that it is not a contract restraining Augustine from exercising a lawful business, but is merely an agreement that if he did engage in such business he would pay the sum of $5,000 [five thousand dollars] as liquidated damages, and that the contract does not, therefore, violate the Code provision. In

232

form, the agreement is as appellant claims. But none the less it is a contract which operates to restrain Augustine from carrying on the business mentioned. It imposes upon him a liability in the sum of $5,000 [five thousand dollars] if he does engage in such business. If the contract is valid, he is not as free to do so as he would have been if he were not bound by it. To the extent that the necessity of paying $5,000 [five thousand dollars] deters him from engaging therein, he would be restrained. This is clearly a restraint of a substantial character and the form in which it is cast does not make it less a restraint. . . . The covenant in question clearly operates to restrain the defendant from 'exercising a lawful profession, trade, or business' [the language of the California and Alabama statutes] and as it does not fall within the exceptions given in section 1673, it is, therefore, void." (172 Cal. at 288, 156 P. at 480)

We find the reasoning of the California Court compelling. In the instant case, too, the language of the contract has been framed in positive · rather than negative terms. However this appears to us to be a matter of form rather than substance; the purpose of the provision is to penalize the defendant if he terminates his employment with the plaintiff and engages in the practice of medicine in Tallapoosa County within twelve months thereafter. In effect, it requires him to forfeit $20,000 in order to pursue the practice of medicine in that county within that period of time. It is a restraint on the exercise of a lawful profession in violation of Title 9, § 22, supra, and is therefore void.

The judgment appealed from is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and JONES, JJ., concur.