Plaintiff, Blakely Peanut Company, recovered judgment against defendant, Allen Trucking Company, in a tort action for destruction of its scales. Allen appeals. We reverse.
The only issue is whether the court erred in giving the jury the following charge requested by plaintiff:
 "I charge you members of the Jury that Section 95A-959 of the Georgia Laws, 1973 Session as amended, provide that no vehicle shall be operated on the highways of the State of Georgia without a permit, whose gross weight exceeds 73,280 pounds. Section 95A-961 provides that for good cause shown, an applicant may receive a permit to operate a motor vehicle for a period of one year whose gross weight does not exceed 100,000 pounds. In this case, if you find that one of the Defendant's trucks exceeded 75,000 pounds gross weight without a permit, and that said excess weight was the proximate cause of the damage to the Plaintiff's property, then the Defendant is guilty of negligence as a matter of law. In that event, the Plaintiff would be entitled to recover from the Defendant unless you find that the Plaintiff was also guilty of negligence in a greater degree than that of the Defendant."
Such charge is known as a charge of negligence per se. The doctrine of negligence per se or negligence as a matter of law is based upon the principle that when an act is forbidden, or required, by an express provision of law, the legislature has adopted an absolute required standard of care which replaces the common-law standard of the reasonably prudent man. Anyone who violates that law, with resultant injury to one of those the law was intended to protect, is liable regardless of the circumstances. Proof of violation is proof of negligence. 57 Am.Jur.2d, Negligence, Sections 247-260 (1971); Restatement, Second, Torts, Sections 286-288B (1965).
The evidence is undisputed that plaintiff's scales located at its place of business in Blakely, Georgia, were broken by a truck of greater weight than their capacity being driven over or upon them. It is further without dispute that during the night on which the scales were broken, defendant had three trucks heavily loaded with lime scheduled to deliver their loads at the premises of plaintiff. Two of such trucks did unload at plaintiff's premises. The third, and most heavily loaded, was stated by its driver not to have delivered its load to plaintiff's premises as scheduled, but, by mistake, delivered to another, adjoining premises.
Plaintiff proved that each of the three trucks was loaded far in excess of the gross weight permitted by Georgia statute to be operated over its public roads. Ga. Code Annot., Title 95A, Section 959. (It was agreed that the case was due to be tried under Georgia law.)
Defendant submits that the charge of negligence per se was improper because the statute setting weight limits of trucks on the public roads of Georgia was not intended to protect plaintiff from injury by overweight trucks driven upon its private place of business.
It is the law that the violation of a statute is negligence per se only as to those *Page 454 
for whose benefit or protection it was enacted. Louisville N.R.R. v. Holland, 164 Ala. 73, 51 So. 365 (1909). Watts v.Montgomery Traction Co., 175 Ala. 102, 57 So. 471 (1912). The question of whether a party is entitled to claim a breach of duty and right of action because of violation of a statute, can only be answered with a court construction of the purpose and intent of the statute. Underwood v. Atlanta W.P.R.R.,105 Ga. App. 340, 124 S.E.2d 758, rev'd 218 Ga. 193, 126 S.E.2d 785
(1962).
Title 95A, Section 959 prohibits trucks being operated upon the public roads from carrying more than designated maximum loads. Section 960 provides that a violation of Section 959 shall be conclusively presumed to have damaged the public roads and the person operating the excessively loaded truck shall recompense the state for such damage according to a set amount per 1,000 pounds of excess. Section 1101 provides that a violation of Section 959 shall not be considered a crime.
There can be no argument but that the purpose of the statute (Section 959) was to set a maximum weight for trucks traveling the public roads of Georgia and to compensate the state for damage (presumed by law) when such weight was exceeded. The statute was designed to prevent damage to public roads not to protect plaintiff or any other individual from private damage. The statute established no duty to plaintiff but only to the state. If the statute created no duty to plaintiff, a violation thereof could not be negligence per se. Underwood v. Atlanta W.P.R.R., supra. It is not often that we are cited to a decision in a case which meets the classification of being on "all fours" with the case to be decided. There is such a case in this instance, that of Fortugno Realty Co. v.Schiavone-Bonomo Corp., 39 N.J. 382, 189 A.2d 7 (1963). That decision expresses the law as we have heretofore found it to be in Georgia. (In Alabama as well.) We find it to be conclusive of the issue before us in this case. We hold that the trial court erred in giving Plaintiff's Requested Charge 1 to the jury. For such error the verdict of the jury and the judgment of the court must be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.