This is an appeal from an order of the Circuit Court of Franklin County granting summary judgment in favor of the defendant.
The dispositive issue on appeal is whether the complaint, as amended, stated a claim upon which relief could be granted.
It appears from the record that the following are the pertinent facts: The parties were engaged in providing ambulance services in the Russellville area in Franklin County. They agreed in writing, on June 11, 1976, that effective in August, 1976, neither would engage in the operation of an ambulance service in the Russellville area for a period of five years. The contract provided that damages for its breach were to be calculated at $10,000. Both parties ceased providing ambulance services pursuant to the agreement. Subsequently, the defendant formed Dean Deaton Ambulance Service, Inc., and commenced providing ambulance *Page 788 
services in Russellville, Alabama. Plaintiff thereupon instituted an action to recover damages, alleging defendant breached the contract.
In response to plaintiff's complaint, defendant first filed a motion to dismiss and later a motion for summary judgment, alleging that plaintiff failed to state a claim upon which relief could be granted. Specifically, defendant argued that the contract sued upon violated the statutory provisions set out in § 8-1-1, Code of Ala. 1975, which provide in part:
 "Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind . . is to that extent void." Id.
Plaintiff thereafter amended his complaint, alleging defendant had by deceit induced it to execute the contract by representing that the contract was legally binding on both parties. Plaintiff further alleged that defendant's attorney had drafted the contract and that in reliance on the binding nature of the agreement, plaintiff had liquidated its ambulance business, and had suffered damages. The record indicates that the amended complaint was supported by a sworn affidavit which set forth the circumstances surrounding the execution of the contract.
The trial court granted the defendant's motion for summary judgment, apparently finding that the contract was statutorily void and thus could not be sued upon as a matter of law.
Plaintiff argues that the amended complaint sufficiently raises a question of fact as to whether the defendant is guilty of fraud. It is the position of the defendant, as presented by able counsel, that the amended complaint fails substantively to state a claim inasmuch as (1) an alleged misrepresentation of law (that the contract was legally binding on both parties) cannot constitute remedial fraud because everyone is presumed to know the law, and (2) an action for fraud cannot be premised on a void contract. Additionally, defendant argues in brief that, assuming arguendo that such a cause of action exists in this case, plaintiff's amended complaint procedurally fails to allege the necessary elements of actionable fraud under ARCP 9 (b). We do not find defendant's arguments persuasive and in this instance hold that the trial court improvidently dismissed the action.
There is no question that contracts restraining a trade or business, unless specifically excepted, are void in Alabama. Code of Ala. 1975, § 8-1-1. See, e.g., Burkett v. Adams, Ala.,361 So.2d 1 (1978); Associated Surgeons, P.A. v. Watwood,295 Ala. 229, 326 So.2d 721 (1976); Odess v. Taylor, 282 Ala. 389,211 So.2d 805 (1968); Hill v. Rice, 259 Ala. 587, 67 So.2d 789
(1953). The facts before us do not present a classic restraint of trade case. Rather than one contracting party ceasing or restricting business operations to the direct benefit of the other party, here we have both parties ceasing business. Nevertheless, it is recognized in this state that any contract which restricts the right of either party to do business is a restraint of trade. Associated Surgeons, supra, 326 So.2d at 723, citing 14 S. Williston, Contracts § 1633 (3d ed. 1972). Therefore, since this type of restraint of trade is not specifically excepted by subsections 8-1-1 (a) or (b), we conclude that such a contract will not support a valid claim for relief. Associated Surgeons, supra. Had plaintiff not amended his complaint, we would have no hesitancy in upholding the trial court's decision to dismiss. See Odess v. Taylor,supra. We find, however, that when plaintiff amended his complaint, injected the issue of fraudulent conduct on the part of the defendant into the case, and supported his allegations with a sworn affidavit, an issue of fact arose and, therefore, summary judgment was inappropriate. Folmar v. Montgomery FairCo., Inc., 293 Ala. 686, 309 So.2d 818 (1975).
It is well settled in Alabama that fraud may be predicated upon a breach of contract which is void where the contract was made for the purpose of perpetrating fraud. Webb v. Bank ofBrewton, 265 Ala. 568, 93 So.2d 154 (1957); Spencer v. Spencer,254 Ala. 22, 47 So.2d 252 (1950). *Page 789 
The defendant's argument, that a misrepresentation of law does not constitute remedial fraud, is not persuasive. While this may well have once been the law of Alabama, it is not without qualification today. In Bank of Loretto v. Bobo,37 Ala. App. 139, 67 So.2d 77, cert. denied, 259 Ala. 374,67 So.2d 90 (1953), the court held that a misrepresentation of law may be an actionable fraud under the proper circumstances. In so holding, the court stated:
 "This rule does not justify that a loss should be imposed on another, or an unconscionable gain be allowed merely because of a promisor's ignorance of the law. . . .
 "[O]ur courts recognize that, properly, exceptions must and do exist . . . ."
(37 Ala. App. at 148, 67 So.2d at 85.)
To this court, an exception exists where it would be contrary to public policy to deny relief. It should be recognized that there are three interested parties in any contract in restraint of trade — the two contracting parties and the public. Where the right to do business and hence competition is suppressed, the public eventually pays the price. Here plaintiff has allegedly sold his equipment and abandoned the ambulance business in reliance on defendant's representation that their contract was legally binding. Defendant has subsequently resumed the ambulance business and is apparently the sole supplier of such services in the area. It would be an anomaly and contrary to public policy for this court to hold that the contract in question is void as a restraint of trade and yet allow the result of a restraint of trade to be effected in part through that very same contract. Such would be the result were we to hold that the defendant's alleged misrepresentations as to the binding nature of the contract could not be the basis of an action in fraud because they related to a matter of law. SeeCramer v. Kansas City Rys. Co., 112 Kan. 298, 211 P. 118
(1922).
Specifically, in the instant case, plaintiff's amended complaint alleged that the defendant's attorney, at the request of the defendant, drafted the void contract; that the defendant then induced plaintiff to sign the agreement in reliance on the fact that the contract was legally binding and enforceable, and that as a result, the plaintiff was injured. Under the decision of Bank of Loretto, supra, we find that these allegations, substantiated as they are by affidavit, could reasonably support a substantive theory of recovery in fraud. We express no opinion on whether plaintiff will in fact be able to prove the allegations. The burden, however, is on him to convincingly do so.
Additionally, we find no merit with respect to defendant's contentions that plaintiff's amended complaint suffered from procedural infirmities. The fact that plaintiff's amended complaint did not specifically allege that the cause of action was premised on a fraud theory is not fatal since there is no requirement under our Rules of Civil Procedure to specifically state one's legal theory. Thompson v. Allstate Ins. Co.,476 F.2d 746 (5th Cir. 1973); Dotschay v. National Mut. Ins. Co.,246 F.2d 221 (5th Cir. 1957). See also Wright Miller, FederalPractice and Procedure: Civil § 1219 (Supp. 1978). This is particularly true when the complaint is viewed in light of Rule 8 (b), ARCP.
Furthermore, we find that, based on the record before us, the amended complaint complies with the mandate of ARCP 9 (b) which requires that fraud be pleaded with particularity. Rule 9 (b), ARCP. Although the rule requires that the circumstances
constituting the fraud be pleaded, it does not require that each element of fraud be delineated. According to the committee comments to ARCP 9:
 "[The] special requirement[s] as to fraud . . . [do] not require every element . . . to be stated with particularity. . . ." [Emphasis supplied.] Id.
When, as here, the defendant is reasonably apprised that the claim against him is one for fraud, and the claim is more than a generalized or conclusory statement of the fraud complained of, the pleading satisfies the rule's requirements. Id. *Page 790 
Again, we note that while we do not express any opinion as to the difficulty plaintiff may encounter in meeting its burden of proof in this case, we hold that based on the foregoing analysis, the plaintiff presented a legitimate legal claim and created an issue of fact over which reasonable minds could differ. Folmar, supra. Thus, the motion for summary judgment judgment was improperly granted.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.