This is an appeal of a workmen's compensation case.[1]
On August 7, 1981, Patsy Henson sustained an injury to her right hand in the course of her employment with Estes Health Care Center (Estes). She took leave of her employment and sought medical treatment. In January 1982, her treating physician reported that she had a 35% permanent partial disability of the right hand. Henson related this information to the claims representative at Insurance Company of North America (INA), her employer's compensation carrier. The claim was settled strictly according to § 25-5-57 (a)(3)(a), Code 1975 (scheduled permanent partial disability), using the 35% medical disability rating, and it was approved by the Circuit Court of Tuscaloosa County.
It is undisputed that INA did not consider Henson's alleged loss of her wage earning capacity when computing the amount of the settlement. It is also undisputed that at the time of the settlement, Henson had not attained "maximum medical improvement" or returned to work. She *Page 76 
claims she has been unable to work since the date of the accident because of her inability to write legibly in the medical charts, a requirement of her position as a licensed practical nurse. She claims this is a direct result of the August 7, 1981, injury.
Henson brought this action against Estes and INA, seeking in count one to vacate her settlement on the ground that it was procured by fraud, undue influence, and coercion. Code 1975, §25-5-56. In the remaining counts, she seeks damages for tortious misrepresentation and negligence. Count one is the only one before us on this appeal. INA and Estes filed motions to dismiss all the counts. INA's motion was considered as a motion for summary judgment, and the matter was set for a hearing. Although designated a hearing on the motions, the record indicates that a trial on the merits of the action to set aside the settlement was held, and that is what we shall consider it. Witnesses were sequestered and called under Rule 43 (b), A.R.Civ.P., as hostile witnesses. Costs were taxed to Henson, the losing party. Evidence was offered and admitted, and the trial judge's judgment was made upon "consideration of the evidence, argument and law submitted by counsel." The trial court held that "no misrepresentation was made to the plaintiff therefore the defendants' Motions to Dismiss are granted as a matter of law and there is no genuine issue as to any material fact." We affirm.
Henson admits that her medical disability was 35% to her right hand, but contends that when it is compounded by her diminished ability to earn, her disability translates to a much more severe one. In other words, she claims that the settlement should not have been based on the schedule for permanent partial disability to a member as set forth in § 25-5-57
(a)(3), but on the computations set out under § 25-5-57
(a)(3)(g) (compensation for permanent partial disabilities not enumerated) or § 25-5-57 (a)(4) (permanent total disability).
The gist of Henson's argument is this: She claims that INA and Estes had a duty to disclose to her that she had a potential claim for her loss of earning capacity under either of the above sections. She claims that their failure to disclose is actionable concealment and is the type of fraud which requires the court to set aside her settlement.
A duty to disclose arises from a confidential relationship, of which there is no evidence in this case, or from the particular circumstances of the case. Code 1975, § 6-5-102. Henson argues that she had no counsel for the settlement and relied entirely upon the INA claims representative for information. She claims that a duty to disclose arises in this situation. Her reliance upon INA and Estes to disclose what the act says she may recover was unjustified. There is no duty to disclose laws which are accessible to and presumed to be known by all. Spry Funeral Homes, Inc. v. Deaton, 363 So.2d 786
(Ala.Civ.App. 1978).
Henson also claims that INA's claims representative misrepresented that she was not entitled to more than she actually received. She testified that INA's claims representative told her that if she settled the claim, she would receive $7,536.86. This amount is the scheduled amount for a 35% permanent partial disability of the hand. In response to Henson's inquiry of whether that was all she could get, the claims representative allegedly said, "Yes, that's all you will receive due to the fact that it is a 35 percent disability." Henson's testimony about whether she ever told INA that she was disabled to an extent greater than 35% of the hand was equivocal.
The claims representative testified that she was unable to recall her exact words when discussing the settlement with Henson, but her general practice was to tell claimants that "according to their [medical disability] rating, [this is what] we're willing to pay." A careful review of the record does not indicate that INA or Estes had knowledge from any source that Henson was more disabled than the physician's report indicated. The claims representative said that the settlement was made in reliance upon the physician's disability rating. *Page 77 
Henson agreed to the settlement with the understanding that it was made before she had reached maximum medical improvement.
This was an ore tenus hearing, and the trial court's findings on the material, disputed facts will be given a presumption of correctness. We cannot overrule the trial court's judgment absent a showing of insufficient evidence or a verdict which is palpably wrong. Gulledge v. Frosty Land Foods International,Inc., 414 So.2d 60 (Ala. 1982). The trial court could have determined that INA and Estes did not, and could not, have known that Henson was more disabled than reported because of vocational limitations caused by the initial injury. It was, therefore, proper to find that the alleged statements of the claims representative were not misrepresentations.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
[1] Originally, this appeal had been filed in the Court of Civil Appeals. That Court determined that this action was basically a claim for fraud and transferred the appeal to this Court. This action is brought pursuant to § 25-5-56, Ala. Code 1975, part of the Alabama Workmen's Compensation Act, and is clearly a compensation case which is reviewable by the Court of Civil Appeals by petition for writ of certiorari. Ala. Code 1975, §25-5-81 (d). Nonetheless, we retain jurisdiction, in the interest of avoiding further delay, and write to the merits.