PER CURIAM.
The plaintiffs, David Wright, David T. Fajardo, and Rudy Earl Williams, filed an action purporting to represent a class. The plaintiffs claimed to have purchased beer, wine, and/or tobacco products from one or more of the defendants, retail sellers of beer, wine, and tobacco products, and claimed that the defendants had charged sales taxes on the total price of these products, including excise taxes that had been incorporated into the price of the products.[1] The defendants have remitted all sales taxes collected to the State of Alabama Department of Revenue or to local revenue authorities. On behalf of the class, the plaintiffs alleged fraud and alleged that the defendants were collecting excessive sales taxes on these products and requested that the trial court order the defendants to refund all excess taxes. The trial court entered an order conditionally certifying the plaintiffs’ class “as all retail customers of the defendants who have in the past paid state and local sales taxes on beer, wine, or tobacco products calculated on a gross sales price which includes beer, wine, or tobacco excise taxes.”
The trial court denied a motion to compel the plaintiffs to add the State Department of Revenue as a defendant. The court entered an order declaring that the defendants had in fact collected excess taxes and ordering the defendants to change the way they calculate the price of these products for purposes of collecting sales taxes. Specifically, the court ordered that “in calculating sales taxes on these products, retailers must first deduct the amount of excise taxes on those products before calculating state and local sales taxes.” The court certified that adjudication as final, pursuant to Rule 54(b), A.R.Civ.P., leaving pending the claim for a refund. The defendants have brought three separate appeals from the trial court’s order.
The judgment is affirmed on the authority of Guthrie Enterprises, Inc. v. City of Decatur, 595 So.2d 1358 (Ala.1992); City of Birmingham v. Alabama Gas Corp., 564 So.2d 416 (Ala.1990); and S & L Beverages & Blends, Inc. v. Ritchie, 567 So.2d 341 (Ala.Civ.App.1990).[2]
1911059 AFFIRMED.
1911060 AFFIRMED.
1911094 AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES,* ADAMS and INGRAM,* JJ., concur.
HOUSTON, J., concurs specially.
MADDOX, STEAGALL and KENNEDY, JJ., dissent.

. Defendant Bruno’s, Inc., did not include the excise tax in the total sales price of its tobacco products.

. The defendant Sunshine-Jr. Stores, Inc., has filed a Chapter 11 bankruptcy petition; this Court’s affirmance in this case does not affect the judgment with regard to Sunshine-Jr. Stores, because of the automatic stay effective upon the filing of the bankruptcy petition.
* Although Justice Shores and Justice Ingram did not attend oral argument, they have listened to the tape of oral argument and have studied the record.