Joe Maples and Clinton Aden (taxpayers) filed a class action against several retailers to recover an overpayment of sales taxes on beer, wine, and tobacco products. The taxpayers alleged that the retailers had applied the sales tax on the retail price of the products including the excise taxes placed on these products and that that practice constituted illegal "double" taxation. As a result of a settlement agreement, the taxpayers and the retailers filed a joint petition for a refund for excess payment of taxes with the Department of Revenue. The Department denied the refund petitions, and the taxpayers filed a petition for a writ of mandamus, requesting the trial court to order the Department to refund the excess tax payments. The taxpayers and the Department each filed a motion for summary judgment. The trial court granted the Department's motion and denied the taxpayers' motion. The taxpayers appealed to the Supreme Court, which transferred the appeal to this court on March 30, 1995, for lack of jurisdiction.
The taxpayers argue that the trial court erred in granting the Department's motion for summary judgment and erred in denying their motion for summary judgment.
A motion for summary judgment is to be granted when no genuine issue of a material fact exists, and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover, *Page 792 
 "[i]n determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994) (citations omitted).
The trial court did not detail its legal reasoning supporting its grant of the Department's motion for summary judgment and its denial of the taxpayers' motion for summary judgment. The taxpayers argue that they, not the Department, were entitled to a summary judgment because, they say, they properly filed their refund petitions and the amendments to Ala. Code 1975, § 40-23-1
and § 40-23-4, which provide that consumer excise taxes will be included in the amount on which sales tax is placed, are unconstitutional. We find the dispositive issue to be the constitutionality of the statutory amendments.
Ala. Acts 1992, Act No. 92-343 (First Special Session) (the Act) amended § 40-23-1 and § 40-23-4, with the amendment retroactive to January 1, 1984. Section 2 of the Act states:
 "It was the intent of the Legislature in enacting Section 40-23-1, Code of Alabama 1975, to impose state sales tax on the full purchase price of products that might contain any consumer excise taxes. The purpose of amending Sections 40-23-1
and 40-23-4 is to clarify and implement the actual purpose and meaning of the Legislature when it enacted the state sales and use tax statute and provided exemptions from those taxes."
After the amendments, the definitions of "gross proceeds of sales" and "gross receipts" both include "any consumer excise taxes" in the cost of tangible personal property for sale. Ala. Code 1975, § 40-23-1(a)(6) and (8).
The taxpayers first argue that the Act violates the separation of powers principle in Ala. Const. 1901, Art. III, §§ 42 and 43, in that, they argue, the legislature unconstitutionally exercised the power of the judiciary by enacting the amendments. They contend that the legislature is directing the judiciary how to interpret the sales and use tax statutes. The legislature usurps the judicial power if it
 "compel[s] the courts for the future to adopt a particular construction of a law which the legislature permits to remain in force. . . . If the legislature would prescribe a different rule for the future from that which the courts enforce, it must be done by statutes, and cannot be done by a mandate to the courts, which leaves the law unchanged, but seeks to compel the courts to construe and apply it, not according to the judicial, but according to the legislative judgment."
Lindsay v. United States Savings Loan Company, 120 Ala. 156,168, 24 So. 171 (1898) (citation omitted). We do not agree with the taxpayers that the Act is analogous to the constitutionally defective statute in Lindsay, supra. The legislature has not retained the same language in the statutes; rather, it has provided new language in the sales and use tax statutes by amending the definition of "gross proceeds of sales," Ala. Code 1975, § 40-23-1(a)(6), and the definition of "gross receipts," § 40-23-1(a)(8), to include consumer excise taxes. Therefore, the Act is not an encroachment on the power of the judiciary.
The taxpayers also argue that the legislature unconstitutionally made the Act retroactive. The legislature's power to enact legislation is plenary, limited only by the Constitution. Young v. State, 283 Ala. 676, 220 So.2d 843
(1969). Retroactive application of revenue statutes is a common legislative practice that is not per se unconstitutional, and in this case the legislature expressly provided for the act to be applied retroactively. See United States v. Darusmont,449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981). The taxpayers have failed to show *Page 793 
that the retroactive application of the Act is unconstitutional.
The taxpayers contend that the Act is an ex post facto law and violates Ala. Const. 1901, Art. I, §§ 7 and 22. However, they do not have standing to argue this issue, because the prohibition against ex post facto laws applies only to criminal matters. Aldridge v. Tuscumbia, Courtland, Decatur R.R., 2 Stew. P. 199 (Ala. 1832). Here, the taxpayers are not charged with any criminal violations regarding the collection of sales tax.
The taxpayers next argue that the Act violates Ala. Const. 1901, Art. IV, § 45, because, they say, it has a constitutionally defective title. The title of the Act states, "To provide further for certain sales and use tax exemptions; to amend Sections 40-23-1 and 40-23-4, Code of Alabama 1975; and to provide for a retroactive effective date." Ala. Const. 1901, Art. IV, § 45, states in pertinent part:
 "Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes[.]"
The taxpayers contend that the phrase "[t]o provide further" is misleading because the Act does not create more exemptions in the sales and use tax laws. They argue that "further" must necessarily mean "more" or "additional." However, the phrase "to provide further" can also refer to the explanation of an amendment which places a limitation in a statute. See B.R.O v.G.C.O., 646 So.2d 126, 129 (Ala.Civ.App. 1994) (the legislature amended Ala. Code 1975, § 30-3-4, stating that the purpose of the amendments was "to provide further" for grandparent visitation rights, and the effect of the amendments was to limit the instances in which a grandparent may petition for those rights). We conclude that the statute does not have a constitutionally defective title.
The taxpayers' final argument is that the Supreme Court has overruled the application of the Act in Winn-Dixie Montgomery,Inc. v. Wright, 619 So.2d 1302 (Ala. 1993). The court inWinn-Dixie affirmed the trial court's ruling that excise taxes must not be included in the calculation of sales tax on beer, wine, and tobacco products. Id. We conclude that Winn-Dixie is not dispositive of this case. The Supreme Court did not mention in its Winn-Dixie opinion the 1992 amendments and certainly did not address the constitutionality of the Act.
We determine that the Act's retroactive amendment of Ala. Code 1975, § 40-23-1 and § 40-23-4, to include consumer excise taxes in the "gross proceeds of sales" and "gross receipts" upon which sales taxes are calculated, has not been shown to be unconstitutional. As a result, the taxpayers have no legal basis to claim a refund of any "excess" sales tax paid to the state. Therefore, the trial court did not err in granting summary judgment for the Department; that judgment is affirmed.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.