These consolidated appeals involve a dispute over the collection of sales tax on fertilizers, insecticides, and herbicides.
In July 1991, W.A. Visintainer and others (taxpayers), individually and as a class, filed a complaint against K-Mart and numerous other fictitious defendants (merchants), alleging that the merchants had illegally collected sales tax on fertilizers, insecticides, and herbicides, in violation of Ala. Code 1975, §§ 40-23-4(a)(2), (4), and (25). The taxpayers sought damages and refunds, as well as an injunction to prevent any future sales tax collections on these items.
K-Mart answered and asserted as defenses, among others, that the taxpayers had failed to join the Alabama Department of Revenue (Revenue) as a party defendant, that the identity of the individual class members is unknown, that any taxes collected had been paid to Revenue, which now holds all amounts collected, and that whether such sales were taxable events was a question of law. In November 1991, the taxpayers amended their complaint to join Revenue and James M. Sizemore, Jr., who was then the director of the Department of Revenue, as parties defendant.
In January 1992, the trial court entered an order restraining and enjoining K-Mart from collecting sales tax on the sale of fertilizers and insecticides in Alabama. Also, in January 1992, K-Mart filed a cross-claim seeking declaratory relief against Revenue, contending that, if any tax refunds are ordered, they should be paid by Revenue.
A similar action was filed in March 1992, by Rebecca D. Smith, and others (also referred to as taxpayers), against Sears, Roebuck Company, The Great Atlantic Pacific Tea Company, Winn-Dixie Stores, Inc., The Kroger Company, K-Mart Corporation, Wal-mart Stores Inc. d/b/a Sam's Wholesale Club, Harco Drug, Inc., Waccamaw Corporation, Phar-Mor, Inc., and Home Quarters Warehouse, Inc. (also referred to as merchants), alleging fraud, suppression, and money owed for the improper collection of sales tax on insecticides, insect repellent, and/or peat moss. The taxpayers sought a refund of the taxes collected, an injunction to prevent future collection of sales tax, and declaratory relief. In May 1994, the taxpayers amended their complaint to include an allegation regarding breach of contract.
The merchants answered, denying liability and asserting various defenses, including that any refund of taxes should be sought from Revenue. Thereafter, the merchants made motions to dismiss the action, alleging, inter alia, that the taxpayers had failed to exhaust their administrative remedies in seeking a refund from Revenue, had failed to include Revenue as an indispensable party, and had failed to properly assert the action as a class action.
Third-party complaints were filed against Revenue and George E. Mingledorff III, as its acting commissioner, by the merchants on the theory that, if any overcollections were made, the third-party defendants were liable for any refunds ordered. The merchants contended that it would be inequitable and would result in unjust enrichment to allow Revenue to retain the money and to require the merchants to refund the money to the taxpayers. *Page 796 
In May 1992, Act No. 92-343, 1992 Ala. Acts (First Special Session) (the Act), was signed into law. The Act retroactively amended Ala. Code 1975, § 40-23-4, to January 1, 1984, and it expressly provided that fertilizers and insecticides are not exempt from sales tax except "when used for agricultural purposes." Thereafter, the merchants in both actions filed suggestions of mootness, or, in the alternative, motions for summary judgment, contending that the enactment of the Act rendered the action moot, that no controversy or issue necessary for adjudication existed between the parties, and that they were entitled to a judgment as a matter of law. The merchants argue that the Act effectively forecloses any claim for relief by the taxpayers and fully supports the trial court's entry of summary judgment, even if this court disagrees with the analysis of the trial court in its memorandum opinion. The taxpayers in both cases filed motions for summary judgment.
Following a motion to transfer filed by the taxpayers, and consultation with the parties, the Smith case was transferred to the caseload of the same trial judge hearing the Visintainer
case, in the interest of judicial economy and to avoid inconsistent results. On June 16, 1994, in substantially similar memorandum opinions and orders, the trial court ruled in both cases, granting the merchants' motions for summary judgment, and denying the motions of the taxpayers. TheVisintainer plaintiffs appealed to the Alabama Supreme Court, and the case was transferred to this court, pursuant to Ala. Code 1975, § 12-2-7. After the Smith plaintiffs' post-judgment motion was denied, they appealed. To promote judicial efficiency and economy, and since the legal issues are identical, the two appeals were consolidated.
In their motions for summary judgment, the taxpayers in both cases discussed the constitutionality of the Act and the fact that the Alabama Supreme Court had rejected the Act as a defense in a similar case. They contend that the addition of the phrase "when used for agricultural purposes" and the retroactive application of the Act are attempts to override precedent and to eliminate their causes of action. The taxpayers cite Winn-Dixie Montgomery, Inc. v. Wright,619 So.2d 1302 (Ala. 1993), and contend that our Supreme Court affirmed the trial court's entry of summary judgment favoring the taxpayers in a similar action involving incorrect calculations of tax on beer, wine, and liquor. The taxpayers argue that the Supreme Court did not apply the new Act in that case; therefore, they argue, it could not reasonably be expected to apply to the instant case. In their narrative summary and memorandum supporting their motion for summary judgment, the taxpayers in each case made similar specific conclusions. TheSmith plaintiffs' conclusions are as follows:
 "The Defendants have improperly charged sales taxes to consumers purchasing fertilizer, insecticide and/or peat moss in direct derogation of the plain meaning of § 40-23-4(a)(2) (4), Code of Alabama, 1975. Seeing that they had no defense to the liability aspect of Plaintiffs class action suit for refund of the improperly collected taxes, they caused to be concocted and passed an ill-conceived, misleading, and blatantly unconstitutional act, attempting to absolve themselves of liability for violation of the Alabama Law. The Supreme Court did not allow this in Wright, and neither should this Honorable Court. It is ludicrous to suggest that the rule of law in this state should be as follows: If you violate the law and incur liability, immediately change the law and absolve yourself of liability. The Alabama Constitution forbids it, prior case law forbids it, and common sense forbids it. The Defendants have collected money from the Plaintiffs that they were not authorized by statute to collect. Plaintiffs would submit that this Honorable Court must grant summary judgment and find that Defendants are liable to the Plaintiffs for the full amount of the illegally charged sales taxes collected by them in this case."
The merchants, however, argue that there is no evidence that the Supreme Court considered the Act in its opinion in theWright case, nor did it declare the Act invalid or unconstitutional. We agree. *Page 797 
The merchants further argue that the issue of the constitutionality of the Act was not properly raised and ruled upon at the trial level, and that it is, therefore, not properly before this court. See King v. Reid, 428 So.2d 611
(Ala. 1983); Williams v. State, 504 So.2d 282
(Ala.Civ.App. 1986).
The merchants, likewise, filed motions for summary judgment; they argued that this action was rendered moot by the Act, that no controversy or issues remained between the parties, and, therefore, that adjudication was unnecessary. They argued that Ala. Code 1975, § 40-23-4(a)(2), was amended retroactively to January 1, 1984, by the new Act, which provided that fertilizers and insecticides are not exempt from sales tax except "when used for agricultural purposes." The merchants further argued that for these products to be exempt by the Act, the purchaser must use them for agricultural purposes only and must provide an SCS Farm Number, if available, on an exemption certificate. The merchants argued that there was no evidence presented that the taxpayers had used the products for agricultural purposes. They also argued that the legislature has indicated disapproval of the court's interpretations of certain provisions in the sales tax statutes by enacting Act No. 83-720, 1983 Ala. Acts. The merchants also assert that the Constitution of the State of Alabama does not prohibit the enactment of a retroactive law.
In a detailed memorandum opinion, the trial court addressed numerous issues raised by the taxpayers in their motions for summary judgment. The court found that for the taxpayers to prevail in an action for money owed, money paid by mistake, or implied contract, they must prove that the merchants have been unjustly enriched at the taxpayers' expense. It noted that the taxpayers must "prove facts showing that defendantholds money which, in equity and good conscience, belongs to plaintiff or holds money which was improperly paid to defendant because of mistake or fraud," relying upon and quoting fromHancock-Hazlett General Construction Co. v. Trane Co.,499 So.2d 1385, 1387 (Ala. 1986) (emphasis in original). The trial court concluded that there was no evidence showing that any merchant holds or has received the benefit of any money collected, but rather, that all money had been sent to Revenue. It is undisputed that all sales tax collected, except for a very small percentage retained as a fee or discount for prompt remittance, was sent to Revenue. The court held that
 "[a]ny percentage held by the Defendants as a discount is not held by the Defendants as Plaintiffs' sales taxes, but rather an amount allowed by the State of Alabama pursuant to State statute. While in terms of practical accounting, Defendants may not have passed 100% of the taxes collected to the State, Defendants in essence paid the state 100% of the tax dollars and were allowed to receive back a discount."
Having found no dispute as to the material fact that the merchants did not retain the tax money for their own benefit, and that they were not unjustly enriched as a matter of law, the trial court determined that the merchants were entitled to a summary judgment on this issue.
Next, in regard to the fraud and suppression claims, the trial court concluded that there was no evidence presented to show that any verbal representations were made to the taxpayers regarding the sales tax imposed, but merely sales receipts. The court relied on United Merchants Manufacturers, Inc. v.Sanders, 508 So.2d 689 (Ala. 1987), a case in which our Supreme Court disallowed a fraud action where there was no actual material misrepresentation. Our Supreme Court has held that mere silence, unless a confidential relationship or other special circumstance exists, is insufficient to support a fraud claim; active concealment, or misrepresentation, must be present. McCausland v. Tide-Mayflower Moving Storage,499 So.2d 1378 (Ala. 1986). Thus, the trial court, citing RandolphCounty v. Alabama Power Co., 784 F.2d 1067 (11th Cir. 1986), modified on denial of rehearing, 798 F.2d 425, cert. denied,479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 833 (1987), concluded that any misrepresentation would be merely a misrepresentation of law, not of fact, and as such, would not be actionable fraud. In Randolph County, the 11th Circuit Court of Appeals noted that Alabama *Page 798 
law requires a misrepresentation of a material fact to maintain an action based on fraud, and that our Supreme Court had recently held that there is no duty to disclose the law. The trial court, relying on Johnson v. State Farm Insurance Co.,587 So.2d 974 (Ala. 1991), held that reliance is a necessary element of a fraud claim, that the taxpayers are presumed to know the law pertaining to their transaction, and that they could not justifiably rely on a misrepresentation, even presuming that one was made. Our Supreme Court stated:
 " 'A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully understand the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant's representation if that representation is "one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth." ' "
Johnson 587 So.2d at 979 (citations omitted). The merchants, using Henson v. Estes Health Care Center, Inc., 439 So.2d 74
(Ala. 1983), argued that both parties to a transaction are charged with knowledge of the law, that the sales tax was voluntarily paid by the taxpayers, and that if a refund is appropriate, it should come from Revenue. In Henson, 439 So.2d at 76, our Supreme Court held that "[t]here is no duty to disclose laws which are accessible to and presumed to be known by all." The trial court further noted that the merchants were under no duty to disclose the law to the taxpayers; therefore, the summary judgment was also proper on the suppression claims.
The merchants contend that the taxpayers have failed to allege or prove one or more of the required elements in each of their claims, and that they have also failed to prove that they would be entitled to damages. In addressing the taxpayers' request for a declaratory judgment, the court stated that the taxpayers "may not maintain common law causes of action based upon unjust enrichment, fraud, or other claims to recover allegedly overcollected sales taxes collected on sales of insecticides, insect repellent, and peat moss." The trial court also ruled that nothing in Ala. Code 1975, § 40-23-4, permits the taxpayers an implied private right of action in their favor. After noting that the legislature could have provided civil remedies or statutory causes of action in the statute if it had so desired, the trial court refused to "judicially create" a cause of action for the taxpayers. The trial court concluded that the taxpayers had failed to prove that Ala. Code 1975, § 40-23-4, imposed a duty on the merchants to properly charge sales tax. The court relied on Allen Trucking Co. v.Blakely Peanut Co., 340 So.2d 452 (Ala.Civ.App. 1976), which held that whether a party can claim a breach of duty and right of action because of a violation of a statute depends on the purpose and intent of the statute. The trial court found that the purpose of the statute and the specific provision at issue in this case is to promote the interest of the State and the public in general. Additionally, the trial court found that the duty created by the statute is owed to the State and not to the taxpayers. Therefore, since there was no statutory duty owed by the merchants to the taxpayers, the court concluded that no cause of action for negligent or wanton violation of the statute existed, and that summary judgment was also proper on these claims.
The trial court noted that the merchants raised several other issues and arguments supporting their motions for summary judgment, including an assertion that the cause of action was moot under the Act, and an assertion that the taxpayers had failed to exhaust all administrative remedies. The trial court, however, chose not to address these issues because of its holdings discussed above. The trial court entered a summary judgment in favor of the merchants and taxed costs against the taxpayers.
The taxpayers raise several issues on appeal; however, the dispositive issue is whether the grant of the merchants' motion for summary judgment was proper.
The law regarding summary judgment is well established. A summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Furthermore, *Page 799 
 "[i]n determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994) (citations omitted). The law places the burden on the "moving party to clearly show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed in a light most favorable to the nonmovant." Crowne Investments, Inc. v. Bryant, 638 So.2d 873,875 (Ala. 1994).
In the case sub judice, the trial court determined that no factual dispute existed and that the merchants were entitled to a judgment as a matter of law. Our review of the record discloses no error in that determination. Rule 56, A.R.Civ.P.;Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794
(Ala. 1989).
After specifically addressing numerous claims in its comprehensive order, the trial court determined that its holdings on those claims disposed of this matter and made it unnecessary to address the other issues raised. On appeal, the parties argue the constitutionality of the Act; however, that issue was not addressed by the trial court, because it concluded that other issues it addressed were dispositive. Generally, this court will not review questions not presented to nor decided by the trial court. Byrd v. Tate, 531 So.2d 1227
(Ala.Civ.App. 1988); see also Bevill v. Owen, 364 So.2d 1201
(Ala. 1979). Our Supreme Court, however, has held that the constitutionality of a statute may be considered on appeal where it was properly raised and argued, even though the trial court chose not to rule on that issue. Ex parte StateDepartment of Revenue, 595 So.2d 472 (Ala. 1991).
The taxpayers contend that the Act is unconstitutional because it provides for a retroactive effective date of January 1, 1984. Our Supreme Court, however, has held that "[c]ourts must consider subsequent acts passed by the legislature to clarify previously ambiguous provisions." Ex parte DiscoAluminum Products Co., 455 So.2d 849, 853 (Ala. 1984). Section 2 of the Act states: "The purpose of amending Sections 40-23-1
and 40-23-4 is to clarify and implement the actual purpose andmeaning of the Legislature when it enacted the state sales and use tax statute and provided exemptions from those taxes." (Emphasis added.) 1992 Ala. Acts No. 92-343.
Our Supreme Court has also held that the Alabama Constitution does not prohibit the enactment of a retroactive law.Leahart v. Deedmeyer, 158 Ala. 295, 48 So. 371, 372 (1909). Furthermore, a statutory tax exemption has been specifically recognized, not as a right, but as a matter of legislative grace, and it should be strictly construed in favor of the taxing authority. Ex parte State of Alabama Department ofRevenue, 441 So.2d 598 (Ala. 1983). The United States Supreme Court has held that retroactive tax statutes neither impair vested rights or contractual obligations nor violate a taxpayer's due process rights. See United States v. Darusmont,449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981).
The taxpayers also contend that the title of the Act is insufficient and misleading, and thus violates Ala. Const. 1901, Art. IV, § 45, which states that "each law shall contain but one subject." The Act begins: "To provide further for certain sales and use tax exemptions; to amend Sections 40-23-1 and40-23-4, Code of Alabama 1975; and to provide for a retroactive effective date." The taxpayers argue that the title is deliberately misleading and fraudulent because it allows the reader to expect that the Act contains additions to the law, instead of removing exemptions. In a similar case, Judge Crawley, writing for the majority, has concluded that a statute did "not have a constitutionally defective title" simply based upon the appellant's narrow interpretation of the phrase "to provide further." Maples v. McDonald, *Page 800 668 So.2d 790, 793 (Ala.Civ.App. 1995). That phrase may be used in statutes to clarify or explain limitations placed by amendments, e.g., that fertilizers and insecticides are not exempt from sales tax except when used for agriculturalpurposes. See Maples, supra; see also B.R.O. v. G.C.O.,646 So.2d 126 (Ala.Civ.App. 1994).
Similarly, our Supreme Court has upheld an act that amended a Code section, even though the act did not specifically mention that it was also providing a tax exemption. SeeSmith v. Industrial Development Board of City of Andalusia,455 So.2d 839 (Ala. 1984); Opinion of the Justices, No. 174,275 Ala. 254, 154 So.2d 12 (1963). Our Supreme Court held:
 "The title of an act need not be an index of all of the provisions contained therein. Section 45 requires only that the title not be 'so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment.' "
Smith, 455 So.2d at 841. (Citations omitted.) Furthermore,
 "[t]he purposes of § 45 are '(a) notification to the public of the nature of the pending legislation; (b) avoidance of fraud on the legislature by inadvertent passage of provisions not related to the title; and (c) prevention of logrolling legislation.' Opinion of the Justices No. 215, 294 Ala. 555, at 564, 319 So.2d 682, 691-92 (1975) (citations omitted)."
Opinion of the Justices No. 323, 512 So.2d 72, 77 (Ala. 1987). In the case sub judice, we cannot say that the title to the Act is misleading or unconstitutional.
The trial court's lengthy and detailed order specifically addressed numerous dispositive issues and claims, and it determined that the summary judgment in favor of the merchants was proper as to each claim. The taxpayers' constitutional claims, as they relate to the Act, are without merit. Our review of the record indicates that the summary judgment was proper.
Accordingly, for the reasons discussed above, the judgment of the trial court in each case is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.