MONROE, Judge.
This is an appeal of a summary judgment.
On January 19, 1995, Richard A. Miller signed a loan agreement (or “pawn ticket”) with Pawn World, Inc., by which Miller borrowed $500 and provided title to his 1986 BMW automobile as collateral. The agreement stated in part the following:
“In consideration of said loan, the undersigned grants .irrevocably to the Lender, upon forfeiture of the loan, full title and ownership of property, with express privilege of sale or other disposition thereof, without notice to undersigned, either public or private. Any personal property pledged to a pawnbroker within this state is subject to sale or disposal when there has been no payment made on the account for a period of SO days past maturity date of the original contract, no further notice is necessary.”
(Emphasis in original.) According to the agreement, the loan matured on February 18, 1995. Miller testified by deposition that Jeff Bearden, a Pawn World employee, informed him that Pawn World would wait five days after the maturity date before it “would do anything.” Miller also testified that he did not read the loan agreement even though he was provided a copy of it.
On February 20, two days after the loan’s maturity date, Miller telephoned to inform Pawn World that he needed a couple of additional days to make his payment. He was informed by a Pawn World employee that his loan had rolled over for another 30 days and that he would owe interest for an additional month. He testified that he had the “impression” that she meant he had until February 24 to pay off his loan; however, he did not testify that the employee, or anyone else, actually told him this. Miller’s next contact with Pawn World was on March 21, 1995, when Pawn World took possession of the BMW. Miller was informed that he would have to pay $3,500 to purchase the BMW from Pawn World. Miller did not purchase the BMW and it was sold at an auction.
Miller sued Pawn World, alleging fraudulent misrepresentation and suppression, negligence per se, and conversion. The trial court entered a summary judgment on all claims except the conversion claim; however, *469 the conversion claim was dismissed by Miller. On appeal, Miller argues that the trial court erred in entering the summary judgment on the fraudulent misrepresentation and suppression claims; he does not appeal as to the claim of negligence per se.
A summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P. Once the movant has made this prima facie showing, the burden shifts to the nonmovant to present substantial evidence creating a question of material fact. Hicks v. Dunn, 622 So.2d 914 (Ala.1993). “Substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Mixon v. Houston County, 598 So.2d.1317, 1318 (Ala.1992) (citation omitted).
Miller argues that the trial court erred in entering the summary judgment on the claim of fraudulent suppression. The elements of a claim of suppression include: (1) a duty to disclose a material fact; (2) concealment or nondisclosure of the material fact by the defendant; (3) inducement of the plaintiff to act or to refrain from acting; and (4) actual damage suffered by the plaintiff as a proximate result. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3 (Ala.1997). Mere silence is not fraudulent unless an obligation to communicate exists. § 6-5-102, Ala. Code 1975. When the parties to a transaction deal at arm’s length, with no confidential relations, no duty to disclose arises unless information is requested. Trio Broadcasters Inc. v. Ward, 495 So.2d 621 (Ala.1986). However, an obligation to communicate can be' created by particular circumstances, such as the relationship between the parties and the relative knowledge of the parties. Lowder Realty, Inc. v. Odom, 495 So.2d 23 (Ala.1986).
Miller argues that Bearden’s superior knowledge of pawn transactions created a duty to disclose that Miller’s car would be sold if the loan was not repaid. He also argues that the use of the word “loan” instead of “pawn” in the loan agreement led him to believe he was entering into a traditional loan, rather than a pawn. More specifically, Miller argues that Bearden had knowledge of the Alabama Pawnshop Act, §§ 5-19A-1 to -20, Ala.Code 1975, and that Bearden had a duty to disclose its provisions to him.
The loan agreement at issue clearly states that the pawned property is subject to sale if payment has.not been,made within 30 days after the maturity date. The loan agreement also contains the language mandated by the Alabama Pawnshop Act. Miller admits signing this document and receiving a copy of it. He provides no logical explanation for his failure to read the agreement. It is clear that Bearden and Pawn World did disclose the terms of the agreement in writing. Thus, Miller appears to argue that they had a duty to disclose its terms orally as well. Miller is a high school graduate and a district manager for an insurance company. He testified that he had had some experience in pawn transactions because he had pawned a set of golf clubs sometime in the 1980s. Considering all the evidence before the trial court, it appears that the parties dealt at arm’s length in entering the agreement, and we fail to see any particular circumstances that would have created a duty for Bearden to orally explain the pawn process to Miller. In addition, we note that Bearden had no duty to inform Miller of the provisions of the Alabama Pawnshop Act, because there is no duty to disclose laws that are accessible to all. Henson v. Estes Health Care Center, Inc., 439 So.2d 74 (Ala.1983). Thus, the trial court properly entered the summary judgment as to this claim.
Miller also argues that the summary judgment should not have been entered on his claim of fraudulent misrepresentation. The elements of misrepresentation are: (1) a misrepresentation of a material fact; (2) that was made willfully to deceive or recklessly without knowledge; (3) that was justifiably relied on by the plaintiff;[1] and (4) that the *470 plaintiff was damaged as a proximate result of the reliance. Sanford v. House of Discount Tires, 692 So.2d 840 (Ala.Civ.App.1997). Miller claims that Pawn World misrepresented to him that his loan would roll over every 30 days. As noted previously, he testified that he was informed by a Pawn World employee that his loan had rolled over for 30 days after the maturity date. He also testified that he assumed that it would continue rolling over; however, he did not testify that anyone ever told him this. In fact, Miller failed to present substantial evidence that Bearden or any Pawn World employee made any misrepresentation to him. Therefore, the trial court properly entered the summary judgment.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.

. We note that in Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997), our supreme court discarded the "justifiable reliance” standard and returned to a "reasonable reliance” standard. *470 However, the new standard applies to all fraud cases filed after March 14, 1997, and, thus, does not apply to the present case, filed January 29, 1997.