I concur in the majority's holding that the jury charge given in this case was sufficiently confusing to constitute reversible error.
We state in this opinion:
 "The presence of the retained object is prima facie evidence of negligence by the surgeon. . . . The presence of the retained object does not, however, establish negligence per se. Rather, it serves to shift the burden to the defendant surgeon to show that he or she was not negligent because he or she fully complied with the statutorily defined standard of care."
888 So.2d at 1217. After a defendant surgeon establishes the standard of care by expert testimony, the surgeon may present evidence showing that he or she complied with all aspects of that standard. If the surgeon does so, the main opinion suggests, "a jury question is presented as to whether the surgeon was in fact negligent." 888 So.2d at 1217.
If "[t]he presence of the retained object does not, however, establish negligence per se," that is, if something more than the presence of a retained object is required to establish negligence,[5] then the plaintiff must present substantial evidence indicating that the surgeon did not fully comply with all aspects of the standard of care or there would be no question of fact for the *Page 1224 
jury to consider. To allow otherwise would, in effect, be to declare retention of a retained object to be negligence per se, that is, that no further evidence is required.
[5] "`The doctrine of negligence per se or negligence as a matter of law is based upon the principle that when an act is forbidden, or required, by an express provision of law, the legislature has adopted an absolute required standard of care which replaces the common-law standard of the reasonably prudent man. Anyone who violates that law, with resultant injury to one of those the law was intended to protect, is liable regardless of the circumstances. Proof of violation is proof of negligence.'"Thomas Learning Ctr., Inc. v. McGuirk, 766 So.2d 161, 171
(Ala.Civ.App. 1998) (quoting Allen Trucking Co. v. BlakelyPeanut Co., 340 So.2d 452, 453 (Ala.Civ.App. 1976)).