Valhalla Cemetery Company, Inc., filed an action against H.E. Monroe, Jr., in his official capacity as the commissioner of the Department of Revenue (hereinafter the "Department"), seeking to have the collection of a use tax on purchases from out-of-state merchants of goods delivered into Alabama declared void and illegal. Valhalla also sought class certification of its action. The trial court certified the class pursuant to Rule 23, Ala. R. Civ. P. Valhalla later amended its complaint, seeking to have § 3 of Act No. 97-301, Ala. Acts 1997, declared unconstitutional. Both sides moved for a summary judgment.
The trial court entered an order in which it declared § 3 of Act No. 97-301 unconstitutional. The trial court enjoined the Department from collecting use taxes on goods purchased from out-of-state vendors and delivered into Alabama for the open tax years before the enactment of Act No. 97-301. In its order, the trial court also ordered the Department to refund to Valhalla any collected use tax on such sales for those years. The Department filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., or, in the alternative, a motion to have the trial court's ruling certified as final pursuant to Rule 54(b), Ala. R. Civ. P. The trial court later entered an order certifying its judgment as final pursuant to Rule 54(b). The Department appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
When an appellate court interprets a statute or considers the constitutionality *Page 472 
of a statutory provision, no presumption of correctness attaches to the trial court's interpretation of the statute. Pilgrim v. Gregory,594 So.2d 114 (Ala.Civ.App. 1991). Where the facts of the case are undisputed and the trial court is called upon to determine a question of law, no presumption of correctness attaches to the trial court's ruling and this court's review is de novo. Tierce v. Gilliam,652 So.2d 254 (Ala. 1994). A sales tax is assessed on all retail sales made in Alabama. § 40-23-2, Ala. Code 1975. A use tax is assessed on goods that are used or consumed in Alabama. § 40-23-61, Ala. Code 1975. "The use tax serves to equalize the burden of the sales tax and to prevent a person from avoiding the sales tax by purchasing goods outside the state." Ex parte Fleming Foods of Alabama, Inc.,648 So.2d 577, 578 (Ala. 1994). Section 40-23-62, Ala. Code 1975, sets forth certain exemptions from the use tax. "[E]xemptions from taxation are to be strictly construed against the person or party claiming the exemption and in favor of the right to tax." Ex parte Fleming Foods of Alabama, Inc., 648 So.2d at 578. See also Alabama Farm Bureau Mut. Cas. Ins. Co. v.City of Hartselle, 460 So.2d 1219 (Ala. 1984); State v.Chesebrough-Ponds, Inc., 441 So.2d 598 (Ala. 1983).
In 1986, a Montgomery County trial court affirmed the decision of an administrative law judge that a physical delivery of goods into Alabama constituted a sale closed in Alabama and, therefore, that the sales tax, rather than the use tax, would apply to such a sale. In that case, the out-of-state vendor did not have sufficient contacts with the state of Alabama to make it subject to Alabama's sales tax. The trial court affirmed the administrative law judge's determination that the transaction was subject to neither the use tax nor the sales tax. The Department did not appeal from that ruling; however, it continued to charge use taxes on goods purchased from out-of-state vendors and delivered to consumers in Alabama. In 1993, an administrative law judge made a similar ruling; that order was not appealed. Then, in January 1997, an administrative law judge again ruled that use taxes could not be charged on goods purchased from out-of-state vendors and delivered into Alabama. That ruling was a preliminary order and could not be appealed.
The January 1997 ruling received national media attention, alerting taxpayers of a possible loophole in Alabama's sales and use taxes. In response to that media attention, the legislature enacted Act No. 97-301, which was signed by the Governor in May 1997. We note that in June 1997, the administrative law judge reversed his January 1997 ruling and ordered that the use taxes on products delivered into Alabama from out-of-state vendors be paid.
Valhalla paid use taxes from April 1994 through March 1997 on goods purchased from out-of-state vendors that did not have a nexus with the state of Alabama. Valhalla's purchases from those vendors were delivered to Valhalla in Jefferson County.
On May 7, 1997, the Governor signed Act No. 97-301, an amendment to the use-tax exemption statute at § 40-23-62, Ala. Code 1975. Section 3 of that Act provides that the provisions of the Act are retroactive for all open tax years. The legislature's intent in enacting Act No. 97-301 was "to clarify that current law exempts from use tax only that property sold at retail in Alabama on which sales tax was paid." Act No. 97-301, § 2.
In the trial court, Valhalla argued that it purchased products from out-of-state vendors and that those products were delivered into Alabama. Thus, it argued, the sales would be subject to the sales tax because a sale is deemed closed on delivery of the product. See Oxmoor Press, Inc. v. State,500 So.2d 1098 (Ala.Civ.App. 1986). Valhalla argued that the use tax did not apply when the sale was closed in Alabama. This interpretation of § 40-23-62, Ala. Code 1975, before its amendment, *Page 473 
would allow a taxpayer to avoid both the use tax and the sales tax where goods were delivered into this state by an out-of-state vendor that was without sufficient contacts with Alabama to make it subject to the sales tax. The enactment of Act No. 97-301 closed off that interpretation of § 40-23-62 by providing that a transaction is exempt from Alabama's use tax only if sales tax on the transaction has been paid to a licensed vendor. Section 3 of Act No. 97-301 provides that the statute is retroactive for all open tax years, i.e., two to three years. See
§ 40-2A-7(c)(2), Ala. Code 1975. Thus, the retroactivity provision of Act No. 97-301 would prevent taxpayers from seeking a possible refund of use taxes paid on goods purchased from out-of-state vendors and delivered into Alabama.
In its judgment, the trial court determined that the retroactive period of Act No. 97-301 was excessive and, therefore, a denial of due process. The trial court also ordered that the Department refund the use taxes paid by Valhalla during the disputed period.
On appeal, the Department first argues that the trial court lacked subject-matter jurisdiction over the action because, it claimed, Valhalla had failed to exhaust its administrative remedies. "The doctrine of exhaustion of administrative remedies provides `that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" Bateman v. Blue Cross-Blue Shield ofAlabama, 579 F. Supp. 265, 266 (M.D. Ala. 1984). Section 40-2A-7, Ala. Code 1975, requires that a taxpayer give notice of its claim to the Department of Revenue before the taxpayer can file an action in the circuit court.
There are exceptions to the requirement that a taxpayer exhaust his administrative remedies. Where "[q]uestions of law and of statutory and constitutional construction preponderate over questions of fact," a taxpayer is not required to exhaust its administrative remedies. Mingledorff v. Vaughan Regional MedicalCenter, Inc., 682 So.2d 415, 416 (Ala. 1996). Because Valhalla challenged the legal validity and the constitutionality of the use tax and Act No. 97-301, it was not required to exhaust its administrative remedies before resorting to the courts. The trial court had subject-matter jurisdiction in this action.
The Department next argues that the trial court erred in determining that the retroactive period provided for in Act No. 97-301 was unconstitutional as a denial of due process. Retroactive tax legislation is not per se unconstitutional and has been upheld by the courts. United States v. Carlton, 512 U.S. 26
(1994); United States v. Darusmont, 449 U.S. 292 (1981); Leahartv. Deedmeyer, 158 Ala. 295, 48 So. 371 (1909); Maples v. McDonald,668 So.2d 790 (Ala.Civ.App. 1995).
 "This Court repeatedly has upheld retroactive tax legislation against a due process challenge. Some of its decisions have stated that the validity of a retroactive tax provision under the Due Process Clause depends upon whether `retroactive application is so harsh and oppressive as to transgress the constitutional limitation.' The `harsh and oppressive' formulation, however, `does not differ from the prohibition against arbitrary and irrational legislation' that applies generally to enactments in the sphere of economic policy.' The due process standard to be applied to tax statutes with retroactive effect, therefore, is the same as that generally applicable to retroactive economic legislation:
 "`Provided that the retroactive application of a statute is supported by legitimate legislative purpose furthered by rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches. . . .' *Page 474 
 ". . . `The retroactive aspects of legislation, as well as the prospective aspects, must meet the test of due process, and the justifications for the latter may not suffice for the former'. . . . But that burden is met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose."
United States v. Carlton, 512 U.S. 26, 30-31 (1994) (citations omitted) (emphasis added).
In United States v. Carlton, supra, Congress amended a provision of the federal estate-tax statute to close a loophole. The legislation applied retroactively to the enactment of the original statute approximately one year earlier. The Supreme Court noted that the amendment at issue was clearly "a curative measure" and held that the retroactivity provision in the legislation did not violate the due-process requirement. UnitedStates v. Carlton, 512 U.S. at 31. In so holding, the Court set forth the test to determine whether retroactive tax legislation denies due process: first, the legislation must be "supported by a legislative purpose furthered by rational means," and second, the period of retroactivity must be "modest." United States v.Carlton, supra.
Using the analysis of the Supreme Court, we conclude that the amendment to § 40-23-62 by Act No. 97-301 also meets the requirements of due process. It is clear that the legislative purpose of Act No. 97-301 was "neither illegitimate nor arbitrary" or based on an improper motive. See United States v. Carlton,512 U.S. at 32. Although Valhalla argues that Act No. 97-301 constitutes an entirely new tax, we cannot agree. "Courts must consider subsequent acts passed by the legislature to clarify previously ambiguous provisions." Ex parte Disco AluminumProducts Co., 455 So.2d 849, 853 (Ala. 1984). Before its amendment, § 40-23-62(1) provided in relevant part:
 "The storage, use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this article:
 "(1) Property, the gross proceeds of sales of which are required to be included in the measure of the tax imposed by provisions of Article 1 of this chapter."
Act No. 97-301 amended § 40-23-62(1) to provide in relevant part:
 "The storage, use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this article:
 "(1) Property, on which the sales tax imposed by the provisions of Article 1 of this chapter is paid by the consumer to a person licensed under the provisions of Article 1 of this chapter."
Thus, it is clear that Act No. 97-301 clarifies the meaning of §40-23-62, Ala. Code 1975. Further support for this conclusion lies in the legislature's stated purpose in enacting Act No. 97-301: "To amend Section 40-23-62, [Ala. Code 1975,] relating to exemptions from use tax, to provide that a transaction is exempt from use tax if sales tax has been paid on the transaction by the purchaser; and to provide for a retroactive effective date."
Act No. 97-301 is retroactive for two to three years. This court has upheld the assessment of a tax that was retroactive for eight years. Smith v. Sears, Roebuck Co., 672 So.2d 794
(Ala.Civ.App. 1995); Maples v. McDonald, 668 So.2d 790
(Ala.Civ.App. 1995). This court noted in Smith v. Sears, Roebuck Co., supra, that the United States Supreme Court had held that a retroactive tax statute does not violate a taxpayer's right to due process.
In reaching its judgment, the trial court relied on Rivers v.State, 327 S.C. 271, 490 S.E.2d 261 (1997), in which a retroactive provision of tax-refund legislation acted to *Page 475 
deprive the taxpayers of half of their expected capital-gains-tax refund, which had been awarded to them by a prior act of the legislature. The Supreme Court of South Carolina determined, given the facts of that case, that a two to three-year period of retroactivity was excessive and violated the taxpayers' due-process rights. In so holding, however, the South Carolina court stated, "We do not suggest that every retroactivity period of this length is per se unreasonable. In some instances, a lengthy period of retroactivity may be necessary to accomplish certain legitimate legislative ends."Rivers v. State, 327 S.C. at 279, n. 4, 490 S.E.2d at 625, n. 4.
In this case, the "legitimate legislative end" behind Act No. 97-301 was to close a perceived loophole in Alabama's sales' and use-tax statutes. Valhalla paid the use taxes for the years in dispute, without protest. The day after the enactment of Act No. 97-301, Valhalla filed a complaint seeking a refund of the use taxes it had paid for the open tax years. Act No. 97-301, § 3, acts to prevent any potential refund of those use taxes. We hold that the retroactive provision of Act No. 97-301 is justified by a rational legislative purpose and that the period of retroactivity is modest. See United States v. Carlton, supra. We cannot say, and Valhalla does not argue, that its payment of the use tax was so "harsh and oppressive as to transgress the constitutional limitation [imposed by the requirement of due process]." UnitedStates v. Carlton, 512 U.S. at 30.
Section 3 of Act No. 97-301 meets the requirements of due process. The trial court erred in determining that § 3 was unconstitutional. We reverse.
REVERSED AND REMANDED.
Robertson, P.J., and Yates and Crawley, JJ., concur.
Monroe, J., concurs in the result.