72 So.3d 603 (2011)
Ex parte William Floyd NALLS, Jr.
(In re William Floyd Nails, Jr. v. State of Alabama).
1100629.
Supreme Court of Alabama.
May 6, 2011.
*604 Laura K. Segers of Turner, Webb & Roberts, P.C., Tuscaloosa, for petitioner.
Submitted on petitioner's brief only.
WOODALL, Justice.
WRIT DENIED.
STUART, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
WOODALL, J., concurs specially.
COBB, C.J., dissents.
MAIN and WISE, JJ., recuse themselves.[*]
WOODALL, Justice (concurring specially).
I concur specially to point out that the Chief Justice's dissent is based on her misunderstanding of the holding in the Court of Criminal Appeals' unpublished memorandum affirming the conviction of William Floyd Nails, Jr. Nails v. State (No. CR-09-1323, Jan. 28, 2011), ___ So.3d ___ (Ala.Crim.App.2011) (table). The Court of Criminal Appeals did not hold that Nails had failed to preserve the issue of the retroactive application of the Community Notification Act, § 15-20-20 et seq., Ala.Code 1975 ("the CNA"), to his case.[1] In fact, that court stated that "Nails appears to have reserved an argument relating to retroactive application of the CNA."
On appeal to the Court of Criminal Appeals, however, Nails raised several specific due-process or equal-protection issues for the first time.[2] It was those issues that the Court of Criminal Appeals held had not been preserved or reserved for appellate review. "[I]n the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and adverse ruling from the trial court and reserved for appeal before the entry of the plea." Mitchell v. State, 913 So.2d 501, 505 (Ala.Crim. App.2005) (some emphasis added). None of the facts before this Court reflect any error in the Court of Criminal Appeals' holding that the issues raised on appeal had not been properly preserved or reserved for appellate review.
COBB, Chief Justice (dissenting).
I respectfully dissent. In this case the trial court responded to the statement by the defendant, William Floyd Nails, Jr., that he wanted to reserve an issue for appeal by stating:
"I understand you want to challenge whether . . . the fact that you pled guilty years ago to the sex crime would make you subject to the [Community Notification Act ('CNA') ], because this was subsequently passed by the legislature. . . . I'll make a note that you want to reserve that issue for appeal."
Nails states in his petition for certiorari review that he argued on appeal in the Court of Criminal Appeals that the retroactive application of the CNA in his case violated his rights to due process and *605 equal protection,[3] and he contends that the Court of Criminal Appeals did not address the merits of this issue because it held that he failed to preserve the issue for appeal. Indeed, in its unpublished memorandum affirming Nalls's conviction, Nails v. State (No. CR-09-1323, January 28, 2011), ___ So.3d ___ (Ala.Crim.App.2011) (table), the Court of Criminal Appeals stated:
"In this case, Nails appears to have reserved an argument relating to retroactive application of the CNA; however, he did not preserve the specific due process or equal protection issues that he is now raising for this Court's review."
I believe that this Court should grant Nalls's petition to consider whether Court of Criminal Appeals erred in determining that Nails failed to preserve "specific due process [and] equal protection issues" regarding the retroactive application of the CNA in his case. The trial court understood that Nalls's objection to the retroactive application of the statute was based on due-process grounds. In Jefferson County Commission v. Edwards, 49 So.3d 685, 691 (Ala.2010), this Court, quoting IEC Arab Alabama, Inc. v. City of Arab, 7 So.3d 370, 374 (Ala.Civ.App.2008), stated:
"`When a court is called on to consider whether retroactive legislation is constitutional, its focus is on whether the retroactivity of the legislation denies due process. [Monroe v. Valhalla Cemetery Co., 749 So.2d 470,] 473-74 [(Ala.Civ.App.1999), overruled on other grounds, Patterson v. Gladwin Corp., 835 So.2d 137, 153 (Ala.2002)] (quoting United States v. Carlton, 512 U.S. 26, 30-31, 114 S.Ct. 2018, 129 L.Ed.2d 22 (1994)).'"
I believe that a reasonable trial court would understand that an objection to the retroactive application of a statute is based, at the very least, on due-process grounds. Succinctly stated, the law requires that once a defendant's objection sufficiently informs the trial court so as to enable that court to understand the grounds of the objectionhere a violation of the right to due process of lawthat issue is preserved for appellate review and should be addressed on the merits. Ex parte Hatfield, 37 So.3d 733 (Ala.2009), and Coleman v. State, 870 So.2d 766, 768 (Ala.Crim.App.2003) (Cobb, J., concurring in part and concurring in the result in part). Accordingly, I would grant Nalls's petition to review this issue on its merits.
I respectfully disagree with Justice Woodall's understanding of the unpublished memorandum issued by the Court of Criminal Appeals. In addition to stating (in the context of discussing Nalls's challenge to retroactive application of the CNA) that Nails failed to preserve "specific due process [and] equal protection issues," the Court of Criminal Appeals also stated in a separate paragraph:
"On appeal, Nails argues that the circuit court's application of the CNA violated his due process rights because he was not provided with a hearing to determine whether the CNA was applicable in his case, his misdemeanor conviction for attempted sexual abuse was actually a case of domestic violence, and the application of the CNA violated his equal protection rights by treating juveniles and adults charged with the same crimes differently. Nails, however, failed to preserve and/or reserve these issues for this Court's review."
*606 Justice Woodall interprets this paragraph as an exhaustive listing of the arguments Nails raised on appeal to the Court of Criminal Appeals. Justice Woodall further states that Nalls's petition for certiorari review is not due to be granted because those issues were not specifically preserved. If the petition sought review of any of those issues, I would be inclined to agree with Justice Woodall and concur in denying the writ. However, in his petition, Nails does not argue that this Court should grant the petition to review any of those issues. Kather, Nails seeks review of what he contends is the failure of the Court of Criminal Appeals to review the merits of his due-process and equal-protection challenges to the retroactive application of the CNA, arguments he contends he did raise in that court.
I am left to conclude either (1) that the Court of Criminal Appeals held that, by "reserv[ing] an argument relating to retroactive application of the CNA," Nails did not sufficiently preserve specific due-process or equal-protection challenges to the retroactivity of CNA or (2) (under Justice Woodall's interpretation of the Court of Criminal Appeals' unpublished memorandum) that the Court of Criminal Appeals altogether failed to perceive Nails raised due-process and equal-protection challenges to the retroactive application of the CNA and thus left this issue out of its list of the arguments Nails raised on appeal.[4] Either way, further review is warranted, and the petition is due to be granted. Accordingly, I respectfully dissent.
NOTES
[*] Justice Main and Justice Wise were members of the Court of Criminal Appeals when that court considered this case.
[1] Nails pleaded guilty to attempted sexual abuse in the first degree in August 1994, before the effective date of the CNA.
[2] He argued "that the circuit court's application of the CNA violated his due process rights because he was not provided with a hearing to determine whether the CNA was applicable in his case, his misdemeanor conviction for attempted sexual abuse was actually a case of domestic violence, and the application of the CNA violated his equal protection rights by treating juveniles and adults charged with the same crimes differently."
[3] Nalls's guilty-plea conviction for attempted sexual abuse in the first degree predates the effective date of the CNA.
[4] A third theoretical possibility existsthat Nails is asking this Court to review an issue he claims he presented the Court of Criminal Appeals but did not in fact present to that court. At this point, I see no reason to question the integrity of Nalls's attorney in this matter; furthermore, unless the petition for the writ of certiorari is granted, it is not possible to determine whether this is the case. Of course, if Justice Woodall is correct, and the Court finds out after issuing the writ that the Court of Criminal Appeals was never presented with the specific due-process and equal-protection challenges to the application of the CNA that form the basis of Nalls's petition, then the Court may quash the writ. However, at this preliminary stage of review, the petition presents a probability of merit and is therefore due to be granted. See Rule 39(f), Ala. R.App. P. ("If the Supreme Court, upon preliminary consideration, concludes that there is a probability of merit in the petition and that the writ should issue, the Court shall so order.").